### STATE OF IOWA V. MOLLY

1. **Highway: POWER OF COMMISSIONER.** The commissioners appointed to survey and lay out a highway have no power to extend the same beyond the *terminus* named in the notice and petition; and a report establishing such an extension, though approved by the county judge, is null and void.

*Appeal from Clayton District Court.*

### MONDAY, JUNE 12.

THE defendant was indicted for obstructing a public road; tried and convicted.

He complains that the court misdirected the jury in its charge, refused to give certain instructions asked by the defendant, allowed improper evidence to go to the jury, and that their verdict was against law and evidence.

*Hunt & Odell* for the appellant.

*Allen*, Attorney-General, for the State.

LOWE, J.—The guilt of the defendant in this case depends upon the question, whether the alleged obstruc-

1. HIGH-WAY: power of commissioners.

tion was upon a highway or public road, as charged in the indictment. That it existed and was caused by the defendant, there can be no controversy. But it is denied that it was upon a highway laid out and established according to law. Upon this point the record discloses the following facts:

That at the February Term of 1855, of the County Court of said county, a petition was presented to said court to lay out a road, commencing at a point on the west line of section 18, T. 94, 4 W., equidistant from the section corners thereof, then running due east through the center of said section one mile to a point or mound on the east line of the same section; thence due north on said line one-quarter of a mile to a point half way between the center and the northeast corner of said section, being the easterly terminus of said road as asked to be laid out in said petition. Notice for the establishment of such a road was given, and a commissioner appointed to survey and lay out the same, which he did precisely in accordance with the terms of the petition aforesaid. But in addition to this, the commissioner supplemented a new line, surveyed and laid the same off, running from the terminus, or point last mentioned, east one-half mile through center of the northwest quarter of section 17, township and range aforesaid, to a central point on the east line of said quarter section; thence north a quarter of a mile to the south line of section 8. The commissioner's survey and report of these lines were approved, and the same declared as an established road by the County Court. The annexed diagram of sections 17 and 18 will exhibit the lines of road

State of Iowa v. Molly.

marked $a$ $a$, asked for in the petition, as well as the supplemental lines $b$ $b$ reported by the commissioner:

The defendant owns the N. W. of the N. E. qr. of sec. 17, town and range aforesaid, and has a fence upon the west line of the same. This fence stands on or near the center of the last or second section of the supplemental road above described, as laid out by the commissioner, and is a half-mile or more east of the terminus of the road asked to be established in the petition. A refusal to remove this fence after due notice, constitutes the obstruction for which the defendant is indicted.

Upon the question whether it was competent for the commissioner, in the absence of any petition, or notice to that effect, to survey and lay off this new extension, which was entirely beyond the easterly terminus of the road specified in the petition, the court substantially charge the jury, that such competency or power existed, and that such new extension was lawfully established as a road, when approved and confirmed by the county court, and on the other hand refused to give instructions, asked by the defense, denying the existence of this power and the legality of the road established under it. In this the court

erred. Its ruling is sought to be justified by sec. 525 of the Code of 1851, which reads as follows: " The commissioner is not confined to the precise matter of the petition, but may inquire and determine whether that or any road in the vicinity, answering the same purpose, and in substance the same, be required," &c. It will be noticed that the language of this section allows unimportant deflections from the particular route or line designated in the petition and notice. But this deviation, we suppose, is to be within the termini of the road asked to be established, and the territory through which it is to be located, for the reason that it is to take the place of the line called for in the petition, and be in substance the same. Now, while slight changes of this kind can take no one by surprise, and consequently result in little or no harm, it does enable the locating commissioner to select the more eligible ground for said road. But the commissioner in this case did not find it necessary to turn aside from the line of road designated in the petition, and, therefore, laid out the same precisely as described in the notice and petition, and then added thereto an additional line of three-quarters of a mile, running through parts of sec. 17, which was wholly uncalled for, and of which the public had no notice. This was not the substitution of one route for another, but the creation of a new one, the exercise of a power not authorized by the statute, and liable to much abuse, not to say positive danger. This section of the road, therefore, was illegal, and the proceedings establishing the same irregular and void.

It follows, therefore, that the motion for a new trial should have prevailed, which is accordingly ordered, and the case remanded.

Reversed.