Stevens v. The Board of Supervisors of Cerro Gordo County.

## STEVENS v. THE BOARD OF SUPERVISORS OF CERRO GORDO COUNTY.

1. **Highway:** ESTABLISHMENT OF: NOTICE. A notice that a petition will be presented "for a new road" is in sufficient compliance with the statute. Following *Woolsey v. The Board of Supervisors, etc.*, 32 Iowa, 130.

2. ——: ——: PETITION. It is not essential that a petition for the establishment of a highway should follow the exact language of the statute. Language unmistakably indicating its object and purpose will be held sufficient.

*Appeal from Cerro Gordo District Court.*

TUESDAY, OCTOBER 19.

ON the 18th day of May, 1873, the plaintiff filed in the clerk's office a petition asking a writ of certiorari, alleging that on the 3d day of March, 1873, a petition was presented to the auditor of said county, signed by George H. Harding and nineteen others, a copy of which is as follows:

"*To the Hon. Auditor of Cerro Gordo County, Iowa:*

We, the undersigned, residents of Cerro Gordo county, Iowa, do hereby petition you that a commissioner be appointed and the necessary steps taken to open a county road, as follows, beginning," etc.; that the said petition is illegal and insufficient to warrant proceedings thereon for the reason that it

"does not ask for the appointment of a commissioner to view and report upon the expediency of laying out a county road."

The petition further states that the notice given of the filing of the petition read as follows:

## "ROAD NOTICE.

Notice is hereby given, that a petition will be presented to the Auditor of Cerro Gordo county, Iowa, on the first Monday of March, 1873, for a new road, beginning at or near," etc. (then follows a description of the line), "of which all persons will take notice.

(Signed) GEO. H. HARDING."

Attached to the notice are affidavits showing the same to have been duly posted.

The petition alleges this notice to be illegal and insufficient for the reason that the "same does not state that application will be made for the appointment of a commissioner to examine and report upon the proposed road, nor does the same state that application will be made for the appointment of a commissioner at all, nor that application will be made for the appointment of a commissioner to view and report upon the expediency of laying out the proposed road or any road whatever."

The petition further alleges that the proposed road was established, that the same runs through plaintiff's premises, and asks that the proceedings resulting in the establishment of the road be set aside and annulled.

At the October term, 1874, of the District Court, the defendants appeared and demurred to this petition, which demurrer the court sustained and rendered judgment for defendants for costs. Plaintiff appeals.

*Hartshorn & Flint,* for appellant.

The petition should ask for "the establishment of a highway." (Rev. § 824). Inferentially this court has held that a notice which fails to state that a petition will be presented

asking the appointment of a commissioner or the establishment of a road is not sufficient to confer jurisdiction. (*McCollister v. Shuey*, 24 Iowa, 362.) The notice should clearly and unmistakably state the object of the proceeding. (*Woolsey v. Board of Supervisors*, 32 Iowa, 132.) If a notice which fails to comply with the statutory requirements is not essential, then a proceeding without any notice would be a substantial compliance with the law.

*Goodykoontz & Wilber*, for appellees.

In road petitions and notices, a substantial compliance with the statute is sufficient. (*McCollister v. Shuey*, 24 Iowa, 365.) A notice which stated that a petition would be presented "for the establishment of a road," without alluding to the appointment of a commissioner, has been held sufficient. (*Woolsey v. Board of Supervisors*, 32 Iowa, 132.)

Miller, Ch. J.—I. The notice in this case is substantially the same as in the case of *Woolsey v. The Board of Supervisors of Hamilton County*, 32 Iowa, 130, 132, which was there held sufficient. The notice in that case was that a petition would be presented, etc., for the "establishment of a road"; here the notice is that a petition will be presented, etc., "for a new road," which is in substance the same. To ask "for a new road" is to ask for the establishment of a road." The language in either case as certainly and unmistakably expresses the purpose of the proceedings as if the very language of the statute had been used. *Woolsey v. The Board of Supervisors etc., supra.*

II. The petition asks that "a commissioner be appointed and the necessary steps taken to open a county road." In *McCollister v. Shuey*, 24 Iowa, 362, 364, the petition asked "the appointment of a commissioner to open a road," and it was held sufficient. It is there said that "the object and purpose of the petition was as apparent and unmistakable by asking the appointment of a commissioner to open a road, as it would have been if the petition had asked the establishment of a road." It was there held that it is not

*Marginalia: 1. HIGHWAY: establishment of: notice.*

*Marginalia: 2. ——: ——: petition.*

Schrœder v. The C. R. I. & P. R. Co.

essential to follow the precise language of the statute. If the petition was sufficient in that case, it certainly is in this, for it uses the same language, with the addition that "the necessary steps be taken" to open the road. There was a *substantial* compliance with the statute, which is all that is necessary. See cases cited in *McCollister v. Shuey, supra*, p. 365.

The demurrer was properly sustained, and the judgment must be

AFFIRMED.