THOMAS RAE, Appellant, v. SOLOMON MILLER AND WILLIAM RULE.

Adverse Possession of Highway: ENCROACHMENT BY ADJACENT OWNER. The owner of land adjoining a highway legally established cannot, by encroaching upon it with his fence, acquire title to any portion of it by adverse possession. Being charged with notice of its width as established, he is without color of title to support his possession.

*Appeal from Crawford District Court.*—HON. C. D. GOLDSMITH, Judge.

TUESDAY, OCTOBER 27, 1896.

THIS is a suit in equity, in which the plaintiff demands an injunction restraining the defendants from tearing down and removing a fence which incloses plaintiff's land. There was a decree for the defendants, and plaintiff appeals.—*Affirmed.*

*J. P. Conner* for appellant.

*T. J. Garrison* and *Shaw & Kuehnle* for appellees.

ROTHROCK, C. J.—The plaintiff is the owner of eighty acres of land in Paradise township, Crawford county. The land is the east half of the northeast quarter of a section, so that it is one hundred and sixty rods long from the north to the south line, and eighty rods wide. The right of way of the Chicago & Northwestern Railroad extends across the land in a diagonal direction. The railroad enters upon the land on the east side, at about the center of the east line, and runs southwest through the tract. In the year 1875, a county road was laid out and established along the north line of the railroad right of way, so that the whole width of the road was on the land owned by the plaintiff. Thomas Harker was the owner of the land when the road was established. He erected a fence along the road, and the public have used the road from a very short time after it was laid out until the trial of this case in the district court. When Harker erected his fence he did not place it for the whole length of the line, and at an equal distance from the line of the right of way. At one point the width left for the public road was thirty-six feet or thereabouts. Harker testified on the trial that he intended to give forty feet for the road, and erected the fence accordingly. Harker sold the farm to the plaintiff in 1891, and in the spring of 1892, the plaintiff removed the fence, and erected another, which was practically on the same line. The new fence leaves the road about thirty-six and one-half feet wide at the east line of the land, forty-seven feet in the center, and about fifty feet on the west line. There is some conflict in the testimony of the witnesses as to the exact location of the old and the new fence; but, in

the view we take of the case, the exact line of the fence is not material. One of the defendants is the township clerk of Paradise township, and the other is the road supervisor in the district where the road is located. In 1893 they proposed to remove the fence and widen the road, and plaintiff commenced this action. The land north of the fence has been farmed and used by the plaintiff and his grantor up to the line of the fence at all times since the first fence was erected, and the public has used, worked, and traveled the road up to the fence, without any public claim that the fence was an encroachment on the public highway. It was admitted on the trial that the road was legally established, and that the record of the establishment was silent as to its width. Section 921, of the Code, provides that "highways hereafter established must be sixty-six feet in width, * * * but the board of supervisors may, for good reasons, fix a different width, not less than forty feet. * * * *" This law was in force when the road was established, and there ought to be no question that, if the public authorities had required Harker to remove his fence north, so as not to obstruct any part of the sixty-six feet, he could have made no valid defense against such a requirement. Indeed, we do not understand the plaintiff to claim, that there was originally any right or authority for placing the fence so as to leave the road less than sixty-six feet wide. The plaintiff, in his petition, states his claim to maintain the fence, in this language: "Par. 8. That by reason of the long continued non-use of said strip of land by the public, and its constant use and occupancy by the owner of the land, and their claim of ownership thereof, the public has no right or authority to said portion of the highway as against the plaintiff." The question presented—the right to maintain the fence because of adverse possession, in a case like this, when part of

the established width of the road was opened, worked, and used for public travel—was definitely settled in the case of *Slocumb v. Railway Co.*, 57 Iowa, 675 (11 N. W. Rep. 641). It is true, that was the claimed adverse possession of part of the width of a railroad right of way. But the principle involved was not different from that shown by the facts in this case. It was held in that case, that the adjacent owner could not acquire any title by adverse possession to a part of the right of way. The case is distinguished from the case of *Davies v. Huebner*, 45 Iowa, 574, relied on by the plaintiff in this case. In *Slocumb's Case* it was held, that the plaintiff was advised by the presence of the railroad and the recitals in the conveyances, that the railroad claimed a right of way over the premises, and by inquiry could have learned the extent of that right, and that he was thereby charged with notice of the width of the right of way. So, in the case at bar, the statute provides that, in the absence of an order of the board, the road should be sixty-six feet wide, and the plaintiff and his grantor could have learned by inquiry that the road was established at that width. Title by adverse possession of land cannot be acquired by mere possession. There must be some honest claim of right or color of title. The fact that plaintiff's grantor intended that the road should be but forty feet wide is of no significance. He was charged with knowledge of the record made in establishing the road. If the strip of land in dispute was part of a street, and the plaintiff, under a claim of right, had erected valuable buildings on the land, or made other improvements, there might be some question that his occupancy of the land for ten years or more should not be disturbed. But there is nothing of that kind involved in this case. All that is in controversy is the use of a strip of land which is

adapted to no other use than ordinary agricultural purposes. The decree of the district court is AFFIRMED.