BOCKOVEN v. BOARD OF SUP'RS. OF LINCOLN TP., CLARK COUNTY.

1. Under Comp. Laws, §§ 1296-1298, giving the board of supervisors jurisdiction to lay out highways and award compensation for the land appropriated for that purpose, on the filing of a petition with the board, signed by at least six legal voters who are owners of land or occupants under the homestead or pre-emption laws of the United States, or under contract from the state, situated within one mile from the proposed road, a petition signed by ten persons is sufficient, without designating how they held their land, although some of them were not qualified, where it appeared that six of them were competent.

2. Under Comp. Laws, §§ 1296-1298, requiring a petition to be filed with the board of supervisors, signed by six legal voters who own land or occupy it under the homestead or pre-emption laws of the United States, situated within one mile of the proposed highway, in order to confer jurisdiction on the board to condemn land for such highway, the fact that two signers of a petition were W. C. E. and Carl C., and Warren E. and Carl L. C. are members of the board, will not invalidate the proceedings, in the absence of proof that the signers of the petition and the members of the board were the same persons.

3. An instruction that any benefit which the owner would derive from the establishment of a highway should be deducted from the damages allowed for his land taken for such highway was erroneous, in the absence of evidence that he would secure any benefit.

4. An instruction that, where an owner comes in and claims his land is very valuable, it is no hardship for valuable farms to contribute to good roads, was erroneous, as prejudicial to the defendant.

5. An instruction that the court will sanction any verdict the jury may return was erroneous, since it left more to laymen than the law justifies.

6. Under the bill of rights, providing that private property shall not be taken for public use or damaged without just compensation, and Comp. Laws, § 1302, which requires a just award of damages to be made to each individual claimant whose land is appropriated for a public highway, an instruction that the necessity of maintaining a fence along the proposed highway to prevent cattle from injuring crops, and the injury which might accrue from water flowing back from the grade of the highway, were merely speculative injuries, for which the defendant was not entitled to damages, and an instruction that, although such matters were merely speculative, they should be considered by the jury in estimating the damages, were conflicting and erroneous.

(Opinion filed June 20, 1900.)

Appeal from circuit court, Clark county. Hon. JULIAN BENNETT, Judge.

Proceedings by the board of supervisors of Lincoln township, Clark county, S. D., to establish a highway. From a

judgment of the circuit court sustaining an award of the board of supervisors of $40 to appellant as compensation for his land appropriated for such highway, he appeals.    Reversed.

The facts are stated in the opinion.

*S. H. Elrod* and *C. G. Sherwood,* for appellant.

When private property is taken for public use, the statutory proceedings must be strictly followed, and it should appear affirmatively of record that they have been so followed and complied with.    7 Ency, Pl. & Prac. 468;  Lewis v. Railroad, 58 N. W. 580; Flatton v. Dell Plaine, 19 Wis. 459; Whitley v. Platte, 73 Mo. 30; Dyer v. Miller, 58 Cal. 585; State v. Hudson, 45 N. J. L. 462; Zimmerman v. Snowden, 88 Mo. 28; Bleze v. Castlio, 8 Mo. App. 290; Shaffer v. Welch, 34 Kan. 595; Ferris v, Bramble, 5 Ohio St. 109;  Forrest v. Finfrock, 43 Ohio St. 335; Comm. v. Heed, 33 Kan. 34;  Appeal of Central Ry. Co., 102 Pa. St. 38.

In eminent domain proceedings all the prerequisites of the statute must be complied with, and all the statutory steps taken must appear on the face of the proceedings or they will be void.    7 Am. & Eng. Ency. of Pl. & Prac. 496;  Conway v. Acherman, 94 Ind. 187, Minord v. Douglas, 9 Ore. 206; King v. Burton, 10 Ore. 512.

The board that lays out highways is a body of limited jurisdiction, and all grants of power to it are strictly construed. 7 Am. & Eng. Enc. 369: Doughty v. Hope, 1 N. Y. 79; St. Louis v. Gleason, 89 Mo. 67; Oran v. Highway Comm. 19 Ill. App. 259.

*S. A. Keenan,* for respondents.

An appeal from the award of damages in eminent domain proceedings waives all defects in the preliminary proceedings.

Railroad v. Burror, 61 Pa. St. 369; *In re* Weaver v. Road, 45 *Id.* 405; Pinkham v. Chelmnford, 109 Mass.

A petition for the establishment of a highway need not use the exact language of the statute. If its language indicates its object and purpose, it is sufficient. Stevens v. Board, 41 Ia. 341; Woolsey v. Board, 32 *Id.* 130; McCallister v. Shuey, 24 *Id.* 362.

FULLER, P. J. This being an appeal from a judgment of the circuit court sustaining a proceeding of the defendant board, initiated and conducted—so far, at least, as appellant's interests are involved—in substantial conformity with the various statutory provisions relating to the laying out of public roads, we need not set forth the petition and proof of service, nor detail the successive steps of the board resulting in an award of $40 to appellant in the way of full compensation for a four-acre strip of land actually appropriated, together with incidental damages to the farm from which it was taken.

The statute gives to the township supervisors jurisdiction of the subject-matter, and, as a method of acquiring jurisdiction of the person, specifies a petitition signed by at least six legal voters, who are owners of land or occupants under the homestead or pre emption laws of the United States or under contract from the state, within one mile of the road to be laid out, and containing a definite description of the road, together with the names of the owners of lands, if known, over which the road is to pass. Before the supervisors can act upon such petition the signers must cause a copy thereof to be posted in three of the most public places in the township for 20 days. Within 30 days from the presentation of this petition,

and at least 10 days prior to the hearing, the supervisors must advise, by personal service of a written notice, all occupants of the land through which such road may pass of the time and place at which they will meet to decide upon such application, and at least 10 days previous to the meeting they must cause to be posted, in three public places in the township, copies of such notice, which must specify, as near as practicable, the highway proposed to be laid out and the several tracts of land through which the same may pass. Comp. Laws, §§ 1296-1298.

While the petition before us is signed by 10 persons, each of whom states that he is a legal voter owning or occupying real estate situated within one mile of the proposed road, it is not therein specified whether such occupation is under the homestead or pre-emption laws, or under contract with the state, and the name of Fred Ware, who, it is claimed, owns a quarter section described in the petition as land over which the road passes, is omitted therefrom, and consequently the contention is that the supervisors acquired no jurisdiction to lay out a road. It is unquestionably true that the petition must substantially conform to the requirements of the statute with reference to naming the owners of land, if known, and such omission is doubtless a jurisdictional matter as far as parties not named are concerned; but, upon principle, appellant, who was named and is unprejudiced, should not have the power to overthrow a proceeding so universally beneficial as the laying out of a public road. According to the only practical doctrine, where there are many persons interested as owners or occupants of different parcels of land, failure to name or give notice to one of them will not vitiate the entire proceeding; the better opinion in such cases being that the action of the supervisors

is void only as to those who were not named, or, if named, not notified, and to such persons is generally given the exclusive right to complain. Woodworth v. Spirit Mound Tp., 10 S. D. 504, 74 N. W. 443; National Railway Co. v. Easton & A. R. Co., 36 N. J. Law, 181; Kidder v. Jennison, 21 Vt. 108. While the omission to designate, by proper recitals, which of the petitioners are owners and which are such occupants as the statute recognizes, might subject the petition to a motion for a more specific statement, we do not regard such defect wholly fatal, and proof that the requisite number of qualified persons signed such petition is sufficient, though it be shown that some of the signers were not "legal voters who own real estate, or occupy real estate under the homestead or pre-emption laws of the United States or under contract from the State of South Dakota, within one mile of the road to be laid out," as required by Section 1296, *supra*.

Assuming, as we evidently should, that the petition must be signed by six qualified persons, the mere failure to bring them all clearly within the statute by the descriptive diction of such petition is not considered a jurisdictional defect, rendering proceedings otherwise regular of no effect, when the proof shows that the required number of qualified persons actually signed the same. Elliott, Roads & S. 252; Inhabitants of Hyde Park v. County Com'rs of Norfolk, 117 Mass. 416; Forsythe v. Kreuter, 100 Ind. 27. As a matter of practice it is better to state upon the face of the petition facts showing the signers to be qualified, but the provision contains no such requirement, and competent proof showing that at least six of the signers answer the demands of the statute is all that is necessary. Bewley v. Graves (Or.) 20 Pac, 322, Stevens v. Board of

Sup'rs, 41 Iowa, 341; Humboldt Co. v. Dinsmore (Cal.) 17 Pac. 710.

In the absence of any evidence to show that "W. C. Elliott" and "Carl Curtis," who signed the petition for a road, are the identical persons whose signatures are attached to certain proceedings of the board as "Warren Elliott" and "Carl L. Curtis," it will not be presumed, for the purpose of defeating the action of the court, that two of the petitioners were supervisors of the township to whom the application was made, and there is no merit in the contention that the petition was not signed by at least six men possessing statutory qualifications. Therefore, the question whether the members of a board of supervisors can in any event be legal petitioners for a road, the establishment of which is a matter committed in part to their judgment, need not be determined, and our conclusion is that the petition was signed by the requisite number of qualified persons, namely, W. C. Elliott, Carl Curtis, Lewis Diehl, S. N. Brown, H. B. Brown, C. P. Stanley, and Calvin Curtis.

Section 1302 of the Compiled Laws requires a just award of damages to each individual claimant therefor, and in making such adjustment the advantages and benfits that the new road will confer upon such claimant, as well as the disadvantages that he will sustain, must be taken into consideration. In this instance the road extends one mile across the west side of appellants land, taking a strip two rods in width for the entire distance; and he was not permitted to show that the appropriation was of any disadvantage to him beyond the value of the land actually taken, although questions going to the true measure of damages were propounded to his witnesses, and respondent's witnesses were allowed to testify to the effect

that the value of the four acres seized constituted the only loss that appellant would sustain, and that $10 per acre would be reasonable compensation therefor. After both sides had rested, counsel for appellant requested that certain written instructions be given, which were refused, and the court, upon its own motion, charged the jury in part as follows: ''In this case I charge and direct you, in making this computation, to allow as an offset to this land taken, if you find it valuable, any advantage that may accrue to Mr. Bockoven by reason of the fact that this highway is laid out, and I say in this connection that if it benefit him in any way, by enabling him to reach any part of his farm to greater advantage than before by the maintaining of this road, then you have the right to take this into consideration, and allow that as an offset in this case, or a partial offset, as far as you see fit.  *  *  *  Now, some testimony has been offered in the case with reference to the cost of maintaining fence; with respect to some injury that might accrue from water flowing back from the grade or highway, with respect to the injury of crops or annoyance by cattle trespassing from the adjoining highway; also from an increased road tax that might occur from this road being laid out. Further, that, so far as a building site is concerned, it would be necessary to build on the east side of the tract because of this; if a road was built upon the west side, and the road on the east side should be abandoned, the owner would be compelled to build upon a site that would not be fit for such a purpose, and that it would cause a change of travel. I say to you that all these matters are largely ·speculative; that they are not submitted to you as separate damages, or a basis upon which damages might be computed, but testimony upon each of these matters has

been allowed and submitted to you for the sole purpose of showing the possibility of certain transactions or events happening in the future which might perhaps reduce or diminish the value of the property, and in that way lessen its market value. Now, so far as these matters are concerned, I say that you are not to allow the plaintiff anything by reason of the fact that there might be an additional cost of maintaining a fence, or that there might be an injury from the back flow of water from the grade established, or that there might be some injury from the trespassing of cattle, or from the fact that he might have to build upon an unsightly location or a place not fit to build, or the east road may be abandoned; but you have the right to take these into consideration as going to the depreciation of the property in question by reason of the fact that this proposed highway is established. I say to you, further that some of these matters as to which testimony has been offered are principally speculative, and I might suggest that even if this road were established, and a grade properly constructed, there would be no overflow, if it was reasonably constructed with culverts. And the same as to these other matters; they are purely speculative, and they are not proper elements of damages. I might say, as to injury to crops, that that is speculative. There is nothing to show that cattle will be driven over the highway, or in case they are, that they will not be properly taken care of; and, whatever damages there might be it might be a nominal damage, and substantial in case there should be a trespass on Mr. Bockoven's crops. This question with reference to the building of a dwelling house there, that is a fact depending whether he will change his location from town to country site, or whether he will ever build on

this particular tract, and then, perhaps, if he should, this question might be material: that is entirely speculative. I might say further, with reference to the dwelling house, that even should Mr. Bockoven or the future owner of this property desire to live upon it, there is nothing to show that he could build upon the east side if there was a west road built. So, it not only involves one but many questions; involves the assumption that the road upon the east side will be abandoned, and it will be necessary to build upon the west side so as to have a highway. So, there is no limit to the speculation or wonderings of the mind when it comes to a speculation like that, and the law does not allow money damages for things so speculative and remote     *   *   *   * And I might say to you, when the appellant comes in and claims that the land is very valuable, that it is worth four thousand dollars; and, if that is a fact, it is not a hardship for these five thousand dollar farms to contribute to making good roads.    There is nothing to show that if this new road is opened, that the other road will be closed; it is merely speculation on the part of counsel.   *   *   *   I will say some rulings have been made with reference to the testimony in this case, and you may have thought from some statement made by the court, or ruling in the case, that you may have seen some leaning on the part of the court; and I will say that you are mistaken if you think so; the court has no leaning or desire one way or the other; that it will be satisfactory to the court whatever verdict you return, and your verdict will stand and be sanctioned by the court."

As no evidence was introduced tending in the slightest degree to justify an inference that the proposed road would be of

any advantage whatever to appellant, it was prejudicial error to instruct the jury to allow, as an offset for the land taken, any benefit that might accrue to him by reason of the road. Nor was it proper to instruct the jury that "when the appellant comes in and claims that the land is very valuable, that it is worth four thousand dollars, and if this be a fact, it is not a hardship for these five thousand dollar farms to contribute to making good roads"; and the unqualified assurance that "the verdict will stand and be sanctioned by the court" left more to laymen than the law justifies.

Consonant with natural justice and the courts as well, the doctrine seems to be that without remuneration there cannot be "due process of law," and, while the legislature may compel the citizen to sell his property, there must be compensation. To make one whose property is seized pay for a public benefit which all the people alike secure, and for which none but himself is required to sustain injury, would be inequitable, and not within the intention of the legislature when it authorized the supervisors to estimate the advantages and disadvantages in settling the question of damages. If it be true that by reason of this road appellant's farm is made liable to injury from water accumulating thereon to an extent that it would interfere with his getting from one portion thereof to another, he should have been permitted to show that fact as an element of damage, and it was erroneous to sustain an objection to the introduction of any evidence of that character, and to instruct the jury with reference thereto in the manner disclosed by the record. The bill of rights declares that "private property shall not be taken for public use, or damaged, without just compensation"; and the case of Railway Co. v. Anderson, 39 Ark. 168, is in point.

The jury should have been instructed that the expense of building or maintaining additional fences rendered necessary by the new road was a proper element of damage, instead of being told "not to allow the plaintiff anything by reason of the fact that there might be additional cost of maintaining a fence"; and the subsequent conflicting direction that the jury take this and other matters (characterized as merely speculative) into consideration was certainly most confusing, and the verdict returned suggests that the jury allowed nothing more than the minimum amount to which any witness testified concerning the value of the four acres actually taken.  Railroad Co. v. Denman, 10 Minn. 267 (Gil. 208); Railway Co. v. Paul, 28 Kan. 816, Bland v. Hixenbaugh, 39 Iowa 532; Railroad Co. v. Moffatt, 6 Cal. 75.   Evidence of these inconveniences to which the instructions of the court relate would be proper, and, when admitted, should be considered in the light of the law, together with all the other testimony, in arriving at a reasonable award and a just assessment of damages.   Schuler v. Board of Sup'rs 12 S. D. 460, 81 N. W. 890; Inhabitants of Readington v. Dilley, 24 N. J. Law 209; Colvill v. Railway Co., 19 Minn. 283 (Gil. 240); Robbins v. Railroad Co., 6 Wis. 636.

By the conflicting instructions, as well as such as were not based on any evidence introduced at the trial, and are not good law if considered as abstract propositions, the jury appears to have been misled to the prejudice of appellant, and the judgment appealed from is therefore reversed, and a new trial ordered.