GEO. A. PALMER, Appellant, v. CHAS. CLARK, J. RICE AND RINGGOLD COUNTY.

**Highways:** SURVEY AND PLAT BY COMMISSIONER. Under Code, section 1489, providing that the commissioner in highway proceedings shall cause the line of the proposed highway to be surveyed and marked out when the precise location cannot be given otherwise, where the road is specifically pointed out as extending a certain number of feet on each side of the portion of a certain section line described in the petition, the mere omission of the commissioner to survey and plat the road will not invalidate the proceedings.

ESTABLISHMENT AND LOCATION: *Evidence.* In an action to restrain the opening of a highway as not being located along the true section line, the county surveyor testified that he located the road in accordance with the old government survey, which he had made. Plaintiff, who owned land on both sides of the line, testified that he had laid out a consent highway, some rods away from such line, as being on the proper line, and had constructed fences in accordance therewith, while another witness testified as to a bowlder as marking a section corner in making the government survey, but did not claim such bowlder was on the line as indicated by the government field notes. *Held*, that the evidence showed the road to have been correctly laid out.

**Abstracts:** DENIAL: *Transcript.* Under Code, section 4118, providing that printed abstracts of the record shall be filed in accordance with the rules of the supreme court, and shall be assumed to contain the record, unless denied or corrected by subsequent abstracts, and Supreme Court Rule 22, providing that the abstract so filed will be presumed to contain the record unless denied or corrected by a subsequent abstract, and that every

Cenial shall point out as specifically as the case will permit the defects alleged, the investigation of the supreme court, where only a general denial of the correctness of the abstract is made, will be limited to the printed record, and will not include the transcript.

*Appeal from Ringgold District Court.*—HON. W. H. TEDFORD, Judge.

THURSDAY, OCTOBER 10, 1901.

ON application of plaintiff, the defendants were enjoined from opening a road. At hearing on the merits, the writ of injunction was dissolved, and plaintiff appeals.— *Affirmed.*

*A. I. Smith* for appellant.

*Fuller & Fuller* for appellees.

LADD, J.—Under the Code of 1897, all the evidence to be considered by this court must be included in the abstracts. The office of certification of the record, or of a transcript, is solely to settle disputes developed in printing the record, save when an original paper or document is to be inspected. *Hoyt v. Beach,* 85 N. W. Rep. 755. This purpose being accomplished, neither counsel nor court may resort to either in argument. A general denial will not raise an issue or present a dispute to be decided. To do this the denial must point out as specifically as the case will permit the defects alleged to exist. See section 4118, Code; Supreme Court Rule 22; *McGillivary v. Case,* 107 Iowa, 17. Our investigation, then, must be limited to the printed record, and appellee will not be followed in his argument to the transcript.

II. For many years prior to March 1, 1896, the plaintiff was owner of the south ½ southeast ¼ section 18, and the north ½ northeast ¼ section 19. On that day he conveyed the latter parcel to defendant Clark. Several years

before, a highway 40 feet wide had been established by his consent along what was supposed to be the section line, from a point 80 rods west of the northeast corner of section 19 to the center. The true location of this line, however, has been in dispute from the time of the conveyance to Clark, and in 1897 he filed a petition with the county auditor praying that a road be established on the government line between said sections, commencing "¼ mile west of the northeast corner of section 19-70-30, and running thence west on section line between sections 18 and 19, ¼ mile, and terminating ½ mile west of" said corner. The commissioner appointed by the auditor, without survey or plat, filed a report recommending that the road be opened; and the board of supervisors, on final hearing, granted the petition on payment of costs by petitioners, but without damages. From this conclusion the plaintiff took an appeal to the district court, where his damages were assessed at $30 and accepted by him. That tribunal was limited in its investigation to ascertaining the damages to be allowed. *Pollard v. Dickinson County,* 71 Iowa, 438; *Abney v. Clark,* 87 Iowa, 727. Nevertheless, in pursuance of timely advice of the court and the condition contained in its order, that the "further expense of a survey, if necessary to exactly locate said highway, before the same shall be considered as legally established," be paid, the county surveyor made a careful survey of the road as ordered, and reported the same, with plats and field notes, to the board of supervisors, by which body it was "ordered recorded and platted in record of highway." The road supervisor attempted to open up the road according to this survey, and was enjoined in this action.

III. The mere omission of the commissioner to survey and plat the road to be established did not invalidate the proceedings. It is only when "the precise location cannot be given otherwise" in his report that the commissioner is bound, under section 1489 of the Code, "to cause the line

thereof to be surveyed and plainly marked out." Here it was specifically pointed out as extending 20 feet on each side of the portion of the section line described in the petition. The section line was definitely fixed by the government survey. Proofs only were essential for its location. The county surveyor testified: "I located the middle of the road directly on the line of the old government survey. I had in the year 1870 surveyed this road, and know that the same rocks and trees from which I made that other survey were used by me in locating the line this last time. I ran the line of my survey from every direction, as shown by the plat of exhibit 4, and found that all the different ways of running the line bring the same result, and therefore I cannot be mistaken as to the correct location."

3. This was met by evidence of a former county surveyor, who appears to have recognized a blue bowlder about 5 rods south of a right line between the section corners as marking the quarter corner in making the survey 24 years previous, but does not claim it was pointed out as, or in fact was, on a line indicated by the government field notes. His mere recognition did not make it a corner; nor did that of plaintiff, in laying out the consent highway, and the construction of the fences in accordance therewith. True, these circumstances tended to show acquiescence; but, as plaintiff was owner and in possession of the land on both sides of the line until shortly before the trial, and the consent highway was laid out by him, they no more than indicated his notion with respect to the true location of the section line. This, with the supposition of others, is not enough to overcome the evidence furnished by an accurate survey in exact accord with the government field notes and markings of its original survey. Possibly division lines of adjoining owners, fixed in the supposition that the blue bowlder marked the quarter corner, may have been acquiesced in so long and under such circumstances, as that

they ought not to be questioned. See *Miller v. Mills County*, 111 Iowa, 654. That issue is not involved in this case. The issue here to be determined is whether the road being located was along the true section line. We are convinced it was. There is where it was ordered, and, regardless of the ownership of land on either side, it was for that location plaintiff claimed and received damages. The writ of injunction was rightly dissolved.—AFFIRMED.