,131  213
,138  430
138  433
138  435

L. M. BIGLOW v. W. H. RITTER, Superintendent and Supervisor, Appellant.

**Highways:** ESTABLISHMENT: PRESUMPTION, Where a board of supervisors acquired jurisdiction in a proceeding to establish a highway a presumption as to the legality of subsequent proceedings arises.

**Appeal:** ABSTRACT: AMENDMENT. Where the appellee argues a question on appeal which was not raised in the trial court, the appellant may file an amendment to his abstract to show the record on the point thus raised, and the objection that it was filed after argument will not obtain.

**Highways:** ADVERSE POSSESSION. One purchasing land along which a highway has been legally established is charged with notice of its statutory width and cannot acquire title to any portion of the same by mere adverse possession unsupported by claim of right or color of title.

**Highways:** OCCUPANCY AND IMPROVEMENT: ESTOPPEL. The public may be estopped from interfering with a landowner's possession of a portion of the highway, where he has made valuable improvements which have been knowingly permitted to remain thereon for a long time; but the mere planting of a willow hedge on a portion of the highway so occupied which has remained for a period of twenty years will not work such an estoppel.

*Appeal from Jasper District Court.*— HON. W. G. CLEMENTS, Judge.

TUESDAY, JULY 10, 1906.

SUIT to enjoin the removal of the plaintiff's fence from the public highway. Judgment for plaintiff, from which the defendant appeals.— *Reversed.*

*McElroy & Cox,* for appellant.

*E. J. Salmon,* for appellee.

Sherwin, J.— The plaintiff is the owner of the N. E. ¼ of section 16 in Newton township, Jasper county, Iowa; he and a brother having purchased the same in 1868. In 1866 the board of supervisors of said county established a public highway in said township extending from the northeast corner of section 28 north along intervening section lines to the northeast corner of section 4. The road thus established passed along the east side of the plaintiff's quarter section of land. In 1869 the plaintiff and his brother built a fence along the east side of said quarter section placing it in the established highway, and it has been maintained along practically the same line ever since. In 1904 the defendant threatened to remove the fence from the highway, and this action was brought to restrain him from so doing.

Although the question does not seem to have been raised in the trial court, the appellee contends here that the highway in question was not legally established because it is not

1. Highways: establishment: presumption.

shown by the record that the board acquired jurisdiction. Since the appellee's argument was filed, however, the appellant has filed additional abstracts which show that the preliminary notice required by sections 824 and 825 of the Revision of 1860 was given by posting the same as required by said section, and that a correct plat of the road was filed as a part of the commissioners' report. We think there can be no question as to the jurisdiction of the board, and, it having acquired jurisdiction in the manner prescribed by law, every presumption thereafter is in favor of the legality of its proceedings. *State of Iowa v. Berry,* 12 Iowa, 58; *Keyes & Crawford v. Tait,* 19 Iowa, 123.

The appellee filed a motion to strike the amendments to the appellant's abstract because they were filed after his argument, and the motion was submitted with the case.

2. Appeal: abstract: amendment.

Ordinarily the abstract should be complete before the adverse party is required to argue, but it often happens that an amendment is made necessary by

the presentation in argument of a question not raised in the trial court, and in such case it is the rule to permit an amendment which will show the true record on the point thus made. Nothing more was covered by the amendments in this case, and the motion to strike is therefore overruled.

It is undisputed that the plaintiff has been in possession of the strip of highway inclosed by his fence ever since the fence was built in 1869, and that he has cultivated and

3. HIGHWAYS: adverse possession. otherwise used it during all of said time, and it is also undisputed that the rest of the highway has been traveled and used by the public during said time. He pleads adverse possession and relies thereon, and he has also, in a way, pleaded an estoppel on which he relies. It is unnecessary to devote any considerable time to the claim of adverse possession. While the record of the board is silent as to the width of the highway, it was established sixty-six feet wide by virtue of section 820 of the Revision, which provided that all roads thereafter established " must be sixty-six feet in width unless otherwise specially directed." *Rae v. Miller,* 99 Iowa, 650. This statute was in force when the road was established, and when the plaintiff and his brother purchased they were charged with notice of the width thereof fixed by law. Title by adverse possession can in no event be acquired by mere possession. There must be an honest claim of right or color of title. Furthermore, title by adverse possession alone cannot be acquired against the public. The public may be estopped by its conduct, but the statute of limitations will not run against the sovereign or its agencies. *Markham v. City of Anamosa,* 122 Iowa, 689; *Weber v. Iowa City,* 119 Iowa, 633; *Blennerhassett v. Forest City,* 117 Iowa, 680; *C. R. I. R. R. Co. v. City of Council Bluffs,* 109 Iowa, 425; *Taraldson v. Town of Lime Springs,* 92 Iowa, 187; *City of Waterloo v. Union Mill Co.,* 72 Iowa, 437; Rae v. Miller, *supra.*

The petition and the reply taken together sufficiently plead an estoppel based on improvements made on the strip

of land in question. The serious question is whether such

**4. HIGHWAYS: occupancy and improvement: estoppel.** improvements are of such character as to work an estoppel. As we have already shown, the line in dispute extends along the east side of the entire quarter section. The north end of the fence is about thirteen feet in the highway and the south end about three feet therein. Some sixty rods south of the northeast corner of the quarter a small natural stream crosses the traveled part of the highway from east to west and flows south seven or eight rods near the west line of the highway as established by the board, where it turns and passes into the plaintiff's land. Along the west side of this stream the plaintiff has grown a willow hedge for the purpose of protecting his land against the encroachment of the stream, and it has been there for over twenty years. No other improvements are suggested as the foundation for an estoppel. It is clear that it cannot be predicated on the erection of the fence, nor on the planting of the hedge, because none of the elements of an estoppel entered into either of those acts. The authorities having charge of the highway knew nothing thereof until after the plaintiff had acted. Therefore the only basis for an estoppel is the conduct of the public through its officers in standing by and permitting the hedge to grow on the bank of the stream and without any knowledge, so far as the record shows, of the purpose for which it was planted or grown. It is not an uncommon thing for trees to be grown in the highway. Indeed, the Code (section 1556) expressly provides that trees growing by the wayside which do not obstruct the road shall not be cut down or injured. On the whole case we reach the conclusion that no facts are shown which would justify us in declaring that the public is estopped by permitting these willows to grow along the bank of this little stream. Whether the defendant intended to remove them or not is undisclosed by the record; but, if he did, it is not shown that their removal will seriously injure the plaintiff, while on the other hand it is made

to appear that his encroachment on the established highway is a serious damage to the public.

The judgment should be, and it is, *reversed*.