H. R. MERRILL et al., Appellees, v. WILLIAM HUTCHINS et al., Appellants.

**HIGHWAYS:** Alteration, Etc.—Uncertain Record—Acquiescence—Injunction. Changes by the public authorities in the location of a highway will be permanently enjoined when it appears: (a) That the present location is *substantially* on the lines called for in the original establishment; (b) that such present location has been acquiesced in as correct for more than half a century by the public generally, by the public authorities, and by the adjoining property owners; and (c) that a laying out of the road on the uncertain lines pointed out in the original order of establishment would be practically impossible —at least would not locate the road either on its present location nor on the location to which it is proposed to remove it.

*Appeal from Franklin District Court.*—R. M. WRIGHT, Judge.

MONDAY, SEPTEMBER 24, 1917.

ACTION in equity by the owners of land alleged to abut upon a certain highway, to enjoin the defendants from moving the highway from its existing location and from interfering in any way with the lands and improvements adjacent thereto belonging to the plaintiffs. The trial court granted the prayer of the petition, decreed an injunction, and defendants appeal.—*Affirmed.*

*J. J. Sharpe,* for appellants.

*B. H. Mallory* and *J. M. Hemingway,* for appellees.

WEAVER, J.—The petition alleges that

HIGHWAYS:
alteration, etc.:
uncertain
record: ac-
quiescence:
injunction.

the road was originally laid out in the year 1856, and that since that date to the present time it has been maintained in substantially the same course and upon the location where it is now found, and the lands of plaintiffs abutting thereon have been cultivated and their buildings and other improvements have been made with reference thereto; that defendants, being township trustees, have undertaken to move the road farther to the north, and to remove plaintiffs' trees and improvements on said strip so sought to be occupied. Plaintiffs further allege that such acts so complained of are without authority; that the north line of the highway as it now exists is the one which has been publicly recognized for sixty years or more; and that the threatened changes will work irreparable injury to their lands. They also allege in substance that the highway upon its present lines has been established by dedication, by prescription and by acquiescence, and that they have title to the disputed strip by adverse possession, if not otherwise. The defendants deny the petition except as specifically admitted. They admit that there is a highway through the section named and that, as at present traveled, it meanders approximately east and west, but deny the correctness of its present location. They further aver that the fences along the plaintiffs' lands are not on the true north boundary of the highway as originally laid out in 1856, and admit that they are attempting or proposing to move said boundary farther north to accord with their claim of its proper location, and say that, in doing so, they are acting only in their official capacity and in discharge of their duties in the public interest. They further plead that, upon proper application, the board of supervisors of the county has ordered the establishment of a permanent grade for this road, and that the county highway engineer has surveyed the same for the purpose of in-

corporating it into the county road system, and that this has been done in accordance with the record of the original establishment thereof. It is further stated that, as now maintained, the road is, in places at least, inadequate, narrow, and unfit for general use with modern vehicles, and that its improvement to its proper width and upon its proper location is a public necessity.

The trial court, upon hearing the testimony, found the issues in plaintiffs' favor, and defendants appeal.

In argument to this court, the appellees concede, for the purposes of the present case, that, if the record sufficiently shows the fact that the highway in question was ever established in the manner required by statute, and that plaintiffs have by their fences or otherwise encroached thereon, then mere lapse of time would not deprive the proper officers of the right to proceed to open or to improve such highway upon its true location as shown by the proper record. They contend, however, that, even if it be conceded that the county court making the order of establishment had full jurisdiction in the premises, the described location is not shown and cannot be retraced with accuracy or exactness, and that the use and general recognition of the road in its present location should be held conclusive upon that question. Were the only objection to the defendants' right to move the road fences out of their present location the failure of the record to show what kind of notice was given of the presentation of the road petition, we should hesitate very much at this late day to hold that the action thereon was void. Such a precedent would cast doubt upon the legal character of a very large part of the roads established in the early history of the state, when, as a rule, all such business was done and records were made with much informality. But there are other and sufficient reasons for sustaining the judgment below. It satisfactorily appears that, if an engineer were to attempt to retrace the lines

given in the original record, following literally and exactly the description there given, the location thus found would not correspond with either the present traveled road or the location to which the defendants propose to move it, and, except for the fact that the public for more than half a century have used, accepted and recognized the present way as the one intended by the order of the court, the proper location would be involved in great if not insolvable uncertainty. Under such circumstances, the court ought to and will give much weight to the practical construction which the public generally, the people owning the property immediately affected thereby, and the public officers having charge of the highways, have, during all these years, placed upon said order of establishment. Such was the rule applied in *Taeger v. Riepe*, 90 Iowa 484, and we regard it as reasonable and just.

The use and maintenance of the highway substantially as it now exists were begun at or soon after the date of the order of establishment, at a time when the public understanding of its true intended location ought not to have been far astray. It is a matter of common knowledge that at that time section corners, as shown by the marks and monuments of the government survey, were as a rule still plainly visible, and the public usage of the road dating from that time constitutes valuable evidence of the correctness of the location, even though it should be held not to afford ground for application of the statute of limitations. The cases relied upon by the appellants which affirm the general rule as to the continuance of the public right in the streets and highways, notwithstanding long periods of disuse, need not be questioned nor their soundness denied; but it does not follow that every resurvey after long intervals of time is to be accepted as correct, and all highways affected thereby are to be moved to correspond to the latest conclusions of the civil engineer. If such were the case,

no highway would ever have a fixed or permanent location, for it seldom happens that two surveys which attempt to retrace original government lines to any considerable distance ever fully coincide. That general recognition and public usage of public ways are proper to be considered in such cases, whether it be to ascertain the true line, or to show the existence of a highway dedication or prescription, or to establish an estoppel of the public, see *Orr v. O'Brien,* 77 Iowa 253; *Smith v. Gorrell,* 81 Iowa 218; *Rector v. Christy,* 114 Iowa 475; *Heller v. Cahill,* 138 Iowa 301; *Lucas v. Payne,* 141 Iowa 592; *Weber v. City of Iowa City,* 119 Iowa 633; *Carter v. Barkley,* 137 Iowa 510; *Larson v. Fitzgerald,* 87 Iowa 402.

In view of all the evidence, we think the court properly granted the relief asked for by the plaintiffs. We reach this conclusion, not on the theory that the county court was without jurisdiction to establish the highways, but rather that, taking the record as a whole, it sufficiently shows that the highway as used is substantially upon the location contemplated in the order of establishment.

Some question is suggested in argument that the road as fenced is less than its proper width, but nothing in this decision or opinion is to be taken as a denial of the right of the road officers to compel the opening of the road to the legal width. The proper location of the road, and not its width, is the only matter put in issue by the pleadings, and the only question we have undertaken to consider.

It is also argued for appellants that, as their acts in the premises have been performed in their official capacity only, they ought not to be charged personally with the costs. But the acts enjoined in the decree are such only as amount to a trespass on plaintiffs' property, and the official station of one who commits or threatens to commit a trespass is never held to relieve him from liability therefor. It may also be said in this case that no motion was made in the trial

court below for a retaxation of costs, and that, under such state of the record, we do not ordinarily consider objections of this character.

The decree of the trial court is—*Affirmed*.

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.