W. C. DICKSON et al., Appellants, v. DAVIS COUNTY et al.,
Appellees.

HIGHWAYS: Establishment—Width of Territorial Road. The estab-
1  lishment of a highway by the legislature and the designation of it
as a "territorial" highway are conclusive as to its width—70 feet.
(See Book of Anno., Vol. 1, Sec. 4561, Anno. 3 *et seq.*)

HIGHWAYS: Establishment—Alteration—Effect As to Width. A ma-
2  terial alteration in the location of a road constitutes the estab-
lishment of a *new* road, and the width thereof will be controlled by
the then existing statutes.

HIGHWAYS: Establishment—Ipso Facto Width. Principle reaffirmed
3  that if, in the establishment of a highway, no width is designated,
then the statutory width prevails.

HIGHWAYS: Obstructions and Encroachments—Effect. Encroach-
4  ments on a public highway in the form of fences or like obstruc-
tions furnish no basis for a legal right, howsoever long continued.
(See Book of Anno., Vol. 1, Sec. 11007, Anno. 70 *et seq.*)

Headnote 1:  29 C. J. p. 459.  Headnote 2:  29 C. J. p. 503.  Head-
note 3:  29 C. J. p. 459.  Headnote 4:  29 C. J. p. 623.

*Appeal from Davis District Court.*—E. S. WELLS, Judge.

OCTOBER 20, 1925.

REHEARING DENIED MARCH 19, 1926.

ACTION for injunction against the defendants to prevent
them from moving certain fences along the highway running
through plaintiffs' land. The lower court dismissed plaintiffs'
petition, and plaintiffs appeal.—*Affirmed.*

*T. P. Bence* and *J. R. Jaques,* for appellants.

*Buell McCash,* County Attorney, for appellees.

ALBERT, J.—Plaintiffs are the owners of the land on both
sides of a road running between Section 34, Township 69, Range
15, and Section 3, lying immediately south thereof. They also
own two blocks of land lying in the town of
West Grove, which is platted in the southwest
quarter of Section 35, lying immediately east

1. HIGHWAYS:
establishment:
width of terri-
torial road.

of the aforesaid Section 34. These blocks lie on the north side of the same road above referred to.

The defendants herein served notice on the plaintiffs to remove the fence from the public highway, claiming that the highway was 66 feet in width. Plaintiffs refused to do so, on the claim that the highway was only 60 feet wide. Plaintiffs brought this action for an injunction against the defendants. This will suffice for a statement of the issues between these parties.

To a better understanding of the matters in controversy herein, we set out a plat of the territory involved.

LEGEND.

ORIGINAL TERRITORIAL ROAD SHOWN THUS.
TERRITORIAL ROAD CHANGE SHOWN THUS
THE TOWN LIMITS OF WEST GROVE SHOWN THUS
THE BOUNDARY LINES OF LAND OWNED BY DICKSON BROTHERS SHOWN THUS

On the 14th day of February, 1844, the council and house of representatives of the territory of Iowa passed an act to locate a territorial road from Keosauqua, in Van Buren County, to the western line of Appanoose County. In pursuance of said act, the commissioner proceeded to locate the road, and the same was established on the 17th day of October, 1844. This road passed through the territory in controversy, and is indicated on the plat as running on the south side of Sections 28, 29, and 30 in Range 14, and on the south side of Sections 25 and 26 in Range 15; thence in a diagonal direction across Sections 34 and 33 to a point in the northwest part of Section 4. In February, 1852, a petition was filed with the county court of Davis County, being the county in which this territory lies, asking the court for an alteration of the road running from Bloomfield to Centerville (a part of which is the road in controversy herein), indicating the alteration desired as follows:

"Commencing at the northeast corner of the northwest quarter of Section 31, Township 69 north, Range 14 west, and running thence by the best route to the southwest corner of the southeast quarter of Section 36, Township 69 north, Range 50, and running thence on the township line west to the point where the said old road strikes the said township line."

This was signed by numerous petitioners; among others, the father of the plaintiffs. Due proceedings were had, which resulted in the granting of the prayer of the petitioners. A commissioners' report was filed, and the road was approved and established on the 3d of May, 1852.

By reference again to the plat, it is observed that this last designated road started on the north line of Section 31, Range 14, taking a southwesterly direction to the south line of Section 36, Range 15, this being the township line; thence west on the township line to a point near the quarter corner on the south line of Section 33. This whole controversy turns on the lone question of whether the last named road, running on the township line south of Sections 34 and 35, is 66 feet wide, as claimed by the defendants, or 60 feet wide, as claimed by the plaintiffs. Final determination of this question rests upon the legal enactments involved herein. The aforesaid act of the council and

house of representatives, being Chapter 115 of the Territorial Laws of 1844, provided for this road and designated it as a territorial road, but made no provision for its width. However, in the Revised Statutes of the Territory of Iowa for 1843, Section 6 of Chapter 123 reads as follows:

"All territorial roads authorized to be laid out by any law of this territory, and not yet commenced, shall be laid out in the manner prescribed in this act, * * * and further, the established width of all territorial roads shall be seventy feet."

This law was enacted and approved on December 29, 1838. Hence it was in operation at the time of the passage of the aforesaid act, establishing the territorial road in controversy herein. However, the appellants herein insist that this last quoted statute is not effective herein, but claims that this situation is governed by Section 1 of Chapter 125 of the said Revised Statutes. That section reads as follows:

"All county and territorial roads which have been or may hereafter be laid out and established agreeably to law, in this territory, shall be opened and kept in repair in the manner hereinafter provided; and all county roads shall hereafter be laid out and established agreeably to the provisions of this act, and all county roads shall be sixty feet wide, unless the commissioners of the county, upon petition, should determine on a less number of feet in point of width, on any road so petitioned for."

The appellants largely base their case on this statute. To our minds, the question is not debatable. The law in operation at the time the original road was laid, made the width of all territorial roads 70 feet. The section of the statute relied on by the appellants, above quoted, is in no way in conflict with Section 6 of Chapter 123. The last named section deals wholly with territorial roads. The section in Chapter 125, while dealing generally with territorial and county roads, makes no reference whatever to the width of territorial roads, but specifically provides that the width of county roads shall be 60 feet.

Appellants urge that, because a part of the road between Keosauqua and the west line of Appanoose County included several miles of county road in Van Buren County, this should lead to the conclusion that the old road, some 60 miles in

length, should also be treated as a county road. We have no opportunity to thus construe the matter, if we were so disposed, because the legislature, in the act establishing this road, specifically designated it as a territorial road. We conclude, therefore, that the road laid in 1844, in pursuance of that act, was a territorial road, 70 feet in width.

The appellants again urge that, when the petition or application was made for a change of this road, it was referred to as an alteration, and that, therefore, the new road, when laid,

2. HIGHWAYS: establishment: alteration: effect as to width.
was a part of the original territorial road, and should be treated as such. We do not deem this conclusion correct. In our opinion the change amounts to the laying and establishing of a new road. Were we to thus hold with appellants herein, it would avail them nothing, because it would result in a holding that the road about which the plaintiffs complain, is 70 feet in width, and therefore would make a wider road, and take more of the plaintiffs' property than the defendants claim. If we may so designate it, the new road was established on the 3d of May, 1852. At the time this road was established, Iowa had ceased to be a territory, and had become a state, and the Code of 1851 was then in operation. Section 515 in Chapter 38 of said Code reads:

"County and state roads hereafter established must be sixty-six feet in width unless otherwise specially directed, but the court may for good reasons fix a different width not less than thirty-three feet."

The record in this case shows that, when the new road was established, no reference was made to its width. It is unnecessary, in the establishment of a road under our law, to recite the

3. HIGHWAYS: establishment: ipso facto width.
width of the road, for the reason that the width of the road is determined by statute, unless otherwise fixed by the establishing body. *Quinn v. Baage,* 138 Iowa 426; *Biglow v. Ritter,* 131 Iowa 213. Under this rule it follows that this new road, having been established after the Code of 1851 went into operation, is 66 feet in width. The plaintiffs, however, insist that through the bygone years the parties in the neighborhood, and some of the engineers, have

**4. HIGHWAYS: obstructions and encroachments: effect.** treated this road as a 60-foot road; that fences have been constructed by various landowners along the road with a narrower width than 66 feet at other places; and that by reason thereof the public authorities have acquiesced in this narrowing of the road, and are estopped from now claiming the road to be 66 feet in width. This question has been before this court so often that we deem it unnecessary to do more than cite some of the cases. *Quinn v. Baage,* supra; *Biglow v. Ritter,* supra; *Lacy v. City of Oskaloosa,* 143 Iowa 704; *Johnson v. City of Shenandoah,* 153 Iowa 493; *Kuehl v. Town of Bettendorf,* 179 Iowa 1; *Bidwell v. McCuen,* 183 Iowa 633; *Pine v. Reynolds,* 187 Iowa 379; *Webster County v. Wasem Plaster Co.,* 188 Iowa 1158; *Langle v. Brauch,* 193 Iowa 140. The holding of these cases is that no encroachment on a highway by fences or by other means is legalized by the lapse of time. The use of less than the full width of the road does not deprive the public of its right to the use of the entire width when the exigency makes it necessary or desirable, and the fact that there may be ample room for the present travel will not prevent the proper authorities from removing fences or other obstructions from within the legal limits of the highway.

The appellants rely much on *Merrill v. Hutchins,* 180 Iowa 1276, which case really has little force as to the matters before us. That was a dispute over the location of a highway, and in the opinion it is said:

"Some question is suggested in argument that the road as fenced is less than its proper width, but nothing in this decision or opinion is to be taken as a denial of the right of the road officers to compel the opening of the road to the legal width. The proper location of the road, and not its width, is the only matter put in issue by the pleadings, and the only question we have undertaken to consider."

It is our conclusion that, when a highway is established with a legal width, encroachments thereon by fences or other obstructions by adjoining landowners, regardless of the time the highway is so occupied, do not give the party so encroaching any right within the limits of the highway, either through the doctrine of estoppel, laches, or adverse possession.

As to the two blocks owned by the appellants in the unincorporated town of West Grove, the south line of which is called Main Street, but which is, in fact, a continuation of this highway, little need be said. It is true that the evidence in the case shows that some lots or blocks in that town are deeded as though the highway were only 60 feet in width, and this would be some evidence of the idea of the persons making the deeds; but, as we have held, this road is 66 feet wide, and as the field notes accompanying the platting of said town of West Grove show that the streets therein are 66 feet in width, we give the matter no further attention.

The ruling of the district court in all respects is approved. —*Affirmed.*

FAVILLE, C. J., and EVANS and MORLING, JJ., concur.