MARTHA A. WHEELER, Appellant, v. C. S. RIGGS et al., Appellees.

No. 43751.

FEBRUARY 16, 1937.

Robert P. Munger, for appellant.

Franklin E. Gill, for appellees.

ANDERSON, J.—This appeal involves the construction of sec-

1374

tions 4564, 4565, 4566, 4567, and 4571 of the 1935 Code relative to the location and establishment of a public highway.

In September, 1935, a petition was filed in the office of the county auditor of Woodbury county asking that a highway be established "on each side of a line commencing at a point 33.0 feet west of the S. E. corner, S. W. ¼ of Section 15, T. 87, R. 47 W.; and thence extending and bearing N. 87 degrees 45 minutes west to a point 86.0 feet north and 428.1 feet east of the S. W. Corner of said Section 15; thence extending due west thru the S. W. ¼, S. W. ¼ of Section 15, and the S. E. ¼, S. E. ¼ of Section 16, * * * to and terminating at an intersection with U. S. Highway Number 75, in the S. E. ¼, S. E. ¼ of said Section 16, T. 87, R. 47." A bond was also filed and approved in accordance with the provisions of the statute. A commissioner was appointed and a commission issued to him directing him to make an examination of the route of the proposed highway, and the description contained in the commission exactly conforms to the description of the road contained in the petition. The commissioner thus appointed qualified and filed his report reciting that an inspection had been made of the proposed road and "a recommendation is hereby made that the same be established in accordance with the petition for the following reasons." The commissioner further reported that the proposed road is located on the section line and divides two eighty-acre tracts lying in different sections. He also reported that the proposed road would form a connecting link between two primary roads and would make a short cut for traffic to Sioux City; further that the costs would not be excessive, and that the State Highway Commission had approved the location. With this report there was filed a plat of the proposed road practically and substantially conforming to the location as contained in the petition. The plat shows the proposed highway commencing at the point described in the petition and running west with a variation of two degrees and fifteen minutes for nearly one-half mile and then slightly changing its course and running directly west to the terminus. The testimony shows this plat was prepared either by the commissioner or under his direction, and later and before there was any action on the part of the board as to final establishment, an additional plat prepared by the county engineer was filed which shows the location of the proposed road more in detail than the plat filed by the commissioner and also shows the

amount of land required to be taken for the construction of the road as well as the fencing required to fence it. Notice of the filing of the petition and the commissioner's report was served upon the plaintiff, she being the owner of the two eighty-acre tracts through which the proposed road was laid. The plaintiff appeared and filed claim for damages, appraisers were appointed and reported on such claim, and in December, 1935, the board of supervisors entered an order establishing the highway in question. The description of the road as thus established and as contained in the order of establishment was substantially as petitioned for and as reported and recommended by the commissioner except that it described the location of the road and the amount of plaintiff's land that would be required by metes and bounds. It appears from the record that the line of the highway from its starting point to a point 2,198.2 feet west varied to the north two degrees and fifteen minutes; and that from the point indicated it ran due west 394.5 feet to the terminus; and that this was caused by reason of the fact that such slight change was necessary for the purpose of avoiding interference with an orchard belonging to the plaintiff.

The plaintiff filed a petition in the district court for a writ of certiorari claiming therein that the board of supervisors had acted illegally and without jurisdiction in establishing the highway for the reason that the commissioner appointed failed to report in favor of the establishment thereof, and that the commissioner's report shows that the road examined and reported upon was not the same as proposed in the petition. The writ was issued and a return made thereon, and upon a trial the district court entered an order finding that the board of supervisors had jurisdiction and did not act illegally in the establishment of the highway, and confirmed such action and dismissed and annulled the writ. From this order the plaintiff has appealed.

It must be conceded that the board of supervisors has authority under the statutes to establish such a road as the one proposed in the petition, and the only question that is submitted here is, did the board exceed its authority in locating and establishing the proposed road? There is no sufficient assignment of error by the appellant, but we will dispose of the matter on its merits. The appellant contends that the plat filed by the commissioner is not a correct representation of the road proposed

for the reason that the plat shows the proposed road as a *straight road,* while the petition asks for the establishment of a road running west with a variation, we have heretofore noted, to a point 428.1 feet from the western terminus and then directly west to its end. The notice served upon the plaintiff for the hearing on the petition contained a correct description of the location of the proposed road as contained in the petition as did also the order of the board finally establishing and locating the road. The commissioner's report recommends the establishment of the road "in accordance with the petition." However, the appellant contends that the commissioner's report does not recommend the establishment of the road for the reason that the slight variation in the line, heretofore described, did not show in the original plat filed by the commissioner. This is a hypercritical objection and contention. The appellant also contends that the commissioner did not go upon the land and investigate the location of the road prior to making his report. The record shows that the commissioner had been upon the land at a time prior to his appointment, knew its situation, and knew the location of the proposed road. The statute does not require that the commissioner go upon the land but only that he examine into the expediency of the establishment of the proposed road. It is not necessary that the commissioner be an engineer, and in this instance he was not one. And if there is a variance, which we cannot discover, between the plat that he prepared and filed and the petition for the establishment, it is so slight that prejudice could not possibly result therefrom, and too, in connection with this, the second plat that was prepared by the county engineer and filed before the final action of the board was in detail and self-explanatory.

It has been repeatedly held by this court that in the location and establishment of highways a substantial compliance with the statute is all that is necessary. Harbacheck v. Telephone Co., 208 Iowa 552, 226 N. W. 171; Palmer v. Clark, 114 Iowa 558, 87 N. W. 502; Stevens v. Board, 41 Iowa 341; Polk v. Irwin, 190 Iowa 1340, 181 N. W. 689. The board acquired jurisdiction of this matter by the filing of the petition, the report of the commissioner, and the service of notice upon the plaintiff, and thereafter every presumption prevails in favor of the legality of the proceedings. Yengel v. Allen, 179 Iowa 633, 161 N. W. 631; McKinley v. Lucas County, 215 Iowa 46, 244 N. W. 663;

Palmer v. Clark, supra; Dickson v. Davis County, 201 Iowa 741, 205 N. W. 456; State v. Molly, 18 Iowa 525.

In the last above cited case, which is cited and relied upon by the appellant, we said:

"It will be noticed that the language of this section allows unimportant deflections from the particular route or line designated in the petition and notice."

In that case we simply held that the commissioner did not have authority to create a new or different route than that described in the petition, and the case furnishes no support for the appellant on this appeal.

We are of the opinion that the board of supervisors in the instant case had authority and jurisdiction to enter its final order locating and establishing the highway in question, and that the order of the district court so holding and dismissing and annulling the writ of certiorari was correct and that it should be and is affirmed.—Affirmed.

RICHARDS, C. J., and KINTZINGER, PARSONS, MITCHELL, HAMILTON, STIGER, SAGER, and DONEGAN, JJ., concur.