## The State v. Lane.

1. Highway: UNCERTAINTY IN ESTABLISHMENT. The establishment of a road will not be held invalid on the ground that the petition therefor does not sufficiently state the commencement and terminus of the road, when these are made sufficiently certain from the record, plat and survey.

2. —— EVIDENCE: ROAD RECORD. That a petition for a road is not produced nor offered in evidence in a prosecution for obstructing a highway, constitutes no valid objection to the admission of the road record, when it appears therefrom that the petition was presented, filed and acted upon.

*Appeal from Clayton District Court.*

TUESDAY, DECEMBER 15.

THE defendant was indicted for obstructing a highway. Plea, not guilty. On the trial, the State offered in evi-

dence two volumes of records: one a "road record," and the other a "road, plat, and survey record" of Clayton county, and proposed to read to the jury from the first, as follows: "May Term, A. D. 1855. At the May Term of the County Court, 1855, a petition of Orman Dart and others was presented for a road commencing at the quarter post between sections 23 and 26; thence west to the corner of sections 26 and 27, 22 and 23; thence south-west to the half-mile line of 27; thence south to Volga city. The notices of the presentation of said petition were duly proved, and the bond filed in accordance with the law. John C. Pool was appointed commissioner." "The commissioner filed his report July Term, 1855, and the September Term of the County Court was set for the final hearing of the road." "September, 1855. The above named road being on this day called, and no objection to its location being made, the same is herewith declared a county road. See Plat record, vol. 1, page 232, Road No. 181."

The survey and plat of said road, as found on said page 232, was also offered, showing the same termini, and substantially the same route or line.

The defendant objected to the introduction of said records, on the ground that the record does not show that the court had jurisdiction, for the reason that it shows the petition was uncertain and void because it did not state the beginning and terminus of said road, and shows affirmatively that it had not jurisdiction, for the same reasons, etc.; and because no petition or notice for the road were shown. In response to a question by the court, the district attorney stated that he did not propose to introduce the petition, for the reason that it could not be found. The court thereupon excluded the evidence and instructed the jury to find a verdict of not guilty, which it did, and judgment was rendered accordingly.

To all which the district attorney duly excepted. The State appeals.

*H. O'Connor*, Attorney-General, for the State.

*Reuben Noble*, for the appellee.

COLE, J. — The only point presented for our decision, is, as to the admissibility of the two records in evidence.

1. HIGHWAYS: uncertainty in establishment. The plat and survey record shows the same beginning and terminus, as the road record shows the petition to ask for; and the line as surveyed shows substantially the same route as petitioned for; the variations from a direct line are but slight and immaterial, and may have been occasioned and required by natural obstacles. The termini are, beyond question, sufficiently certain, under the rule, *id certum est quod certum reddi potest.*

That the petition for the road was not offered, and would not be, constitutes no valid objection to the admission of the road record, when it appears therefrom, as in this case, that such petition was presented, filed and acted upon. *Davenport Mut. Sav. F. and L. Asso.* v. *Schmidt*, 15 Iowa, 213; *The State* v. *Berry*, 12 id., 58. See, also, Revision of 1860, § 4120 (2512). " The future proceedings of all officers and of all courts of limited and inferior jurisdiction within this State shall, like those of general and superior jurisdiction, be presumed regular except in regard to matters required to be entered of record, and except when otherwise expressly declared."

2. EVIDENCE: road record.

Reversed.