The State v. Ratliff.

## THE STATE v. RATLIFF.

Highway: OBSTRUCTION OF: CRIMINAL LAW. To render a person over whose land an order was made that a road be established when all legal claims for damages were paid, liable to prosecution for obstructing a highway by permitting his fences to remain as they were before such order, he must have had notice to remove his fence, or that the road was fully established in accordance with the order.

*Appeal from Henry District Court.*

FRIDAY, JULY 28.

THE defendant was indicted for obstructing a highway. Upon trial to a jury, he was found guilty, and sentenced to pay a fine of $1 and costs. He appeals. The further necessary facts are stated in the opinion.

*T. W.* and *Jno. S. Woolson* for the appellant.

*H. O'Connor*, Attorney General, for the State.

COLE, J. — This case is made by appellant's counsel to bristle with points. It is only necessary for us to notice one, as that is finally decisive of the case. The indictment

against defendant was for obstructing a new road, then recently established. The order of the board of supervisors establishing the road was made by adopting a report of the committee on roads, recommending that the "road be established as surveyed and platted by, etc.; when all the legal claims for damages are paid." The testimony showed, and this fact is not controverted, that the road had never been opened, and that the obstruction for which the defendant was indicted was caused by his not removing his fences on his own land, across which the road was established.

The defendant asked the court to instruct the jury that, "if a new road was established across the farm of defendant, before he would be guilty of obstructing the road by permitting his fences (already there) to still stand as they stood before, he must have had notice to remove his fences out of the road; and, unless the jury find the defendant had such notice, they will find him not guilty." The court refused this, and gave the jury the following: "The record testimony in this case, and the testimony preparatory to the introduction of the records, show that the road in question is a legally established road, and the defendant having admitted in open court before the jury that his fences had not been removed from said road, and that the same is now incumbered thereby, the court instructs the jury to render a verdict of guilty against the defendant." This is assigned as error.

The road was established "*when all legal claims for damages are paid.*" It was not unlawful for defendant to leave his fences in the line of the road when this order was made, for the road was not *then* established. It would only be an established road when all legal claims for damages were paid. The defendant was not bound to take notice of the happening of this contingent event. Possibly all legal claims might never be paid, and surely it is not the policy of our law to make a man a criminal

for failing to know a fact *in pais,* which he might not, with reasonable diligence, be able to learn. Upon the plainest principles of our law, it is clear that at least the defendant was entitled to notice of the fact that the road was established, and that it was his duty to remove his fences, before he would be a criminal for not doing so.

But further than this, our statute provides (Rev., § 855): "After the road has been finally established, the plat and field notes must be recorded by the clerk; and the supervisor of roads shall be directed to have the same opened and worked accordingly." (§ 856). "A reasonable time must be allowed to enable the owners of land to erect the necessary fences adjoining the new road." A fair construction of these sections, it seems to us, would relieve the owner of the land from the duty of *opening the road* at all, and devolve that upon the supervisor of the road, who should be directed to do it; and even the supervisor could not do it at once, but he must first notify the owner of his duty and purpose to do it, and then give the owner a reasonable time to erect the necessary fences, before even he could properly open it.

Although this ruling finally disposes of this case, under the evidence and conceded facts, as they appear in the abstract, yet, in order to avoid further controversy in relation to the same subject-matter, it may not be improper for us to remark, that we have examined the record with care, and have not been able to discover, in the multitude of points made, any other which would justify a reversal of the judgment.

Reversed.