## THE STATE v. GLASS.

1. **Highway**: OBSTRUCTION OF: CRIMINAL LAW. To render a person liable to prosecution for obstructing a highway, ordered to be established upon the condition that the "costs be paid" within a certain time, it must appear that the condition had been performed within the time specified in the order.

*Appeal from Linn District Court.*

MONDAY, DECEMBER 13.

AT the November term, 1872, the defendant was indicted for willfully and knowingly obstructing a public highway, on April 15, 1872. The defendant pleaded not guilty. Upon a trial to a jury at the October term, 1874, the defendant was found guilty, and sentenced to pay a fine of ten dollars and costs of prosecution. The defendant appeals.

*John Mitchell* and *Hubbard & Deacon*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

COLE, J.—The evidence tended to show that at the April term, 1857, of the Linn County Court, a petition was filed for the appointment of a commissioner to report upon the expediency of locating the road in controversy. At the June term, 1857, an order was made that said road " be established, opened and worked as provided by law, upon condition that the costs be paid on or before the next term of this court, A. D., 1857." It also appeared from the evidence, that the public had traveled, but not so as to acquire a right by prescription, along in the vicinity of the route of the road prior to the application, and that such travel had continued up to the time of the obstruction for which the defendant is indicted, which was caused by the defendant building fences across the route in April, 1872. That the road had never formally been opened, nor had there ever been, on the part obstructed, any work done by public authority, nor were the costs or any part of the same paid until in the spring of 1871 or 1872.

The court instructed the jury that " the record of the establishment of the road introduced in evidence is sufficient evidence to show that the road was legally established. Now, if you find from the evidence that the public traveled and used the road, substantially on the line as surveyed, until it was shut up by the defendant, he is guilty, if you find that he built fences and stopped the travel." * * * * *

In our view, this instruction is erroneous, for that it assumes that the road was legally established when the order was made at the June term, 1857; whereas, by the very terms of that order, it was only established " *upon condition that the costs be paid on or before the next term of this court.*"

The proof shows that this condition was not complied with; and that the road was not fully established so as to become a legal highway until such condition is complied with, see *The State v. Ratliff*, 32 Iowa, 189. In this case it appears that this condition was not complied with within the time specified, nor until about fourteen or fifteen years thereafter.

For this error the judgment is

REVERSED.