## SWEEZEY v. STETSON ET AL.

1. **Former Adjudication:** ESTOPPEL: INSTANCE. Where an appeal was taken from a justice's judgment, and one of the parties procured a judgment of dismission on the ground that the judgment appealed from was void for want of jurisdiction in the justice to render it, *held* that such party could not in another proceeding between himself and appellant be heard to say that the judgment appealed from was valid.

*Appeal from Buena Vista Circuit Court.*

THURSDAY, DECEMBER 10.

ACTION to enjoin the enforcement of a judgment rendered by a justice of the peace and to declare it void. A demurrer to the answer of defendants was sustained; and, as they stood upon their pleadings and refused to answer further, judgment was entered against them, from which they appeal.

*Robinson & Milchrist*, for appellants.

*C. D. Golsmith* and *Lot Thomas*, for appellee.

BECK, CH. J.—I. The petition alleges that one McKenzie brought an action of replevin against defendant Stetson before a justice of the peace; that plaintiff was the surety upon the

replevin bond; that in the action a judgment was rendered against plaintiff for the amount of the value of defendant's (Stetson's) interest in the property, the justice holding that he had jurisdiction so to do; that plaintiff appealed from the judgment; and that the circuit court dismissed the appeal upon Stetson's motion asking for the dismissal, on the ground that the justice of the peace had no jurisdiction of the case, and there was therefore no valid judgment from which an appeal would lie. The answer of defendant expressly admits all these allegations, except those averring the ground of the motion and judgment of dismissal; but, as there is no denial thereof, such allegations must be taken as admitted. In another count of the answer the proceedings before the justice are pleaded, showing a trial, the judgment in favor of Stetson as against plaintiff, the taking of the property upon the writ of replevin, and other matters that need not be here stated.

II. We think the demurrer was rightly sustained. Stetson obtained an adjudication to the effect that the justice of the peace had no jurisdiction to render the judgment against plaintiff. After that adjudication Stetson cannot, in the face of the decision which he obtained, insist that the judgment is valid. Both he and plaintiff were parties to the proceedings on the appeal. He insisted that the justice had no jurisdiction and that the judgment was void, the plaintiff claiming the contrary. The circuit court adjudged that the judgment was void for want of jurisdiction of the justice. This adjudication bound both parties, and remains unreversed. Equity will not permit Stetson to turn round and attempt to enforce that judgment.

III. But defendants' counsel insist that plaintiff, having signed the replevin bond, thus enabling the plaintiff in replevin to take the property which has not been returned, and having insisted upon the jurisdiction of the justice, cannot now deny it. That position would do very well if the adjudication of the circuit court were not in the way. That

matter was settled by the adjudication, which remains unreversed. In the circuit court plaintiff insisted, by his appeal, that the justice had jurisdiction. Stetson maintained that he had not, and that the judgment was void. Now Stetson turns round and declares that the judgment is valid. Parties will not be permitted to play fast and loose in this manner, to obtain relief by an adjudication of a court, and afterwards to seek other relief by overthrowing the adjudication which was had in their favor. As between the parties, the adjudication of the circuit court had the effect to declare invalid the judgment against plaintiff. Equity will not now permit him to enforce it. The fact that property was taken in the proceeding cannot change the effect of the adjudication. If Stetson is entitled to recover it or its value, he must pursue some course other than an attempt to enforce a judgment which, as between him and plaintiff, has been adjudicated to be void.

AFFIRMED.