## HUGH v. HAIGH.

1. **Highway**: DEDICATION: FACTS CONSTITUTING. The road in question over defendant's land had been used by the public for many years. Seven or eight years prior to the beginning of this action, defendant agreed with his neighbors that if they would aid in inclosing his land, so as to fence the road out, he would permit it to be used as a highway as long as it should be wanted. The neighbors accepted the proposition, and performed on their part. *Held* that these facts constituted a dedication of the road and that defendant was properly restrained from obstructing it.

*Appeal from Delaware District Court.*

WEDNESDAY, JUNE 23.

ACTION in chancery to restrain defendant from obstructing a highway. There was a decree in the district court granting the relief prayed for in the petition. Defendant appeals.

*J. M. Brayton,* for appellant.

*Bronson & Leroy,* for appellee.

BECK, J.—We find from the evidence that the road in controversy has been used for thirty years or more. The route of the road over defendant's land had been changed as he made improvements or inclosed his land. While the road was especially useful to plaintiff and others living in the neighborhood, it was traveled by the public so far as it was needed for public use. It had the character of a neighborhood road, and was used but little except by those living

near it. At different times defendant put gates or bars across it; but, within the last seven or eight years, he proposed to his neighbors that if they would build a portion of the fence, so as to complete the inclosure of his land along the road, he would permit it to be used as a highway as long as it should be wanted. They did build the fence, furnishing the materials therefor, and since then the road has been used by the people of the neighborhood and the public so far as needed. It has been worked by the supervisor of the road district. Of this, and of its use for so many years, defendant had knowledge.

Without determining that there was a dedication of the way before the agreement under which the fence was built, as stated above, we are clear in the opinion that the assent of defendant, expressed by that agreement, to its use as a highway, on condition of the erection of the fence, amounted to a dedication. The *animus dedicandi* could be no more plainly or clearly expressed by defendant than by his assent and agreement to the use of the road upon the construction of the fence by his neighbors. They claimed the right to use the road. He agreed that, if they would build the fence, it should be used as a highway as long as it should be wanted. If this is not an act of dedication, and the expression of the *animus dedicandi*, it would be difficult to say what would be, short of a formal declaration drawn by a lawyer. The dedication established the road as it was used. It is shown by the county surveyor, who made a survey of it, to be twenty-six feet wide. The decree correctly declares the road to be established at that width.

AFFIRMED.