W. J. KIRKHART, Appellant, v. J. E. ROBERTS, et al., Appellees.

Highways: ESTABLISHMENT. Where the establishment of a road is
1   ordered by the board of supervisors on the condition that the petitioner pay the costs and damages, it does not become a legal highway until the conditions are complied with.

Highways: APPEAL: CONDEMNATION: ESTOPPEL. Where an appeal
2   from the award of damages in a proceeding before a board of supervisors to establish a highway is taken by the real party in interest, and is dismissed merely because he failed to sign the petition for the road, his right to subsequently institute condemnation of a way along the same line is not barred thereby.

*Appeal from Van Buren District Court.*—HON. ROBERT SLOAN, Judge.

TUESDAY, FEBRUARY 16, 1904.

SUIT in equity to restrain the defendants from condemning a highway over the plaintiff's land under the provisions of sections 2028 and 2029 of the Code. A temporary writ of injunction was issued, which was afterwards dissolved, and the plaintiff appeals.—*Affirmed.*

*Starr & Calhoun* and *Wherry & Walker* for appellant.

*Brown & Work* and *S. E. Irish* for appellees.

SHERWIN, J.—In January, 1902, the defendant Roberts began proceedings before the board of supervisors of Van Buren county for the establishment of a public road under the provisions of chapter 1, title 8, of the Code. ;He did not sign the petition therefor, but he was the only person directly interested in having the road established, and in fact prosecuted the proceeding before the board. The matter was contested, and thereafter it was ordered that the road be established upon the condition that the petitioner pay the costs and damages before the 1st of August, 1902. The defendant Roberts appealed from the award of damages, and the plaintiff, Kirkhart, filed in the district court a motion for the dismissal of his appeal, because he had not signed the petition for the road. The motion was sustained, and the appeal was dismissed, whereupon the defendant paid the costs of those proceedings, and afterward instituted proceedings under section 2028 and 2029 of the Code for the condemnation of a way along the same line.

The appellant contends that a road was in fact established by the board of supervisors in the proceedings before it, and, because thereof, that the defendant had no right to condemn a way. But with this contention we cannot agree. The establishment of the road was conditioned upon the payment of the expenses thereof, including the damages awarded the plaintiff herein; and when a road is thus established it does not become a legal highway, nor can the public acquire any right to the use thereof, until the conditions are complied with. *State v. Glass,* 42 Iowa, 56; *McNichols v. Wilson,* 42 Iowa, 385. It is argued, however, that because the defendant prosecuted the proceedings before the board of supervisors, and afterwards failed to comply with the conditional order, he is estopped from having the road established by condemnation proceedings. The defendant was not bound by the award of damages made by the board of supervisors, nor could he have been so bound if he had in fact signed the petition, for the statute provides that an appeal may be taken

by the petitioner as to the amount of damages, if the establishment of the road has been made conditional upon paying the damages. He was not satisfied with the award, and took an appeal therefrom, just as he might have done had he been one of the petitioners. But the plaintiff contested his right to appeal on the ground that he was not a petitioner, and secured a dismissal of the order of appeal on that ground alone, the result of which was to compel the defendant to either pay what he considered an unjust award without further trial, to go without a road, or take further steps for the establishment thereof. It is very clear to us, and the proposition is well established by authority, that the plaintiff cannot thus shift his position to meet the varying necessities of litigation, and that, having secured the dismissal of the defendant's appeal because he was not a party entitled to take it, he cannot now maintain the position that he was in fact a party to the proceedings, and was barred thereby. *Kelly v. Ins. Co.,* 82 Iowa, 137; *Sweezey v. Stetson,* 67 Iowa, 481; *Scott v. Luther,* 44 Iowa, 570.

The judgment of the district court was right, and it is AFFIRMED.