John M. McElroy, Appellant, v. Luther Hite and Others.

Highways: ESTABLISHMENT. Where a highway petition is granted on condition that the petitioners put the road in passable condition, a compliance with the requirements effects a legal establishment of the highway without further action by the board; and the fact that it was not passable in all places at all times is not sufficient to show non-performance of the requirements.

Same: ABANDONMENT. Abandonment of a highway is not established by a showing that it has not been used for its entire length at all times, or by slight variations from the same as laid out.

Same: LIMITATIONS: ABANDONMENT: ADVERSE POSSESSION. The statute of limitations does not run against the right of the public to use a highway; but where there has been a total abandonment for a period of ten years and private rights have been acquired by an adverse claim for a like period the public right therein is terminated.

*Appeal from Wapello District Court.*—Hon. D. M. Anderson, Judge.

Friday, March 15, 1912.

Action in equity to enjoin the defendants from crossing the plaintiff's land where there is an allegal highway, and to quiet title. There was a judgment for the defendants, and plaintiff appeals.—*Affirmed.*

*Jaques & Jaques,* for appellant.

*Steck, Daugherty & Steck,* for appellees.

Sherwin, J.—In December, 1893, the plaintiff and the defendant, Luther Hite, joined in a petition to the

board of supervisors of Wapello county for the establish-
ment of a consent highway forty feet wide,
according to the field notes of Allen's sur-
vey, which were filed with and as a part of the petition.

1. Highways:
establishment.

On the 3d of April, 1894, the board granted the petition
on condition that the "petitioners put the same in a passa-
ble condition" within six months from that date. No fur-
ther action in the matter was taken by the board of super-
visors, but the defendants and the public generally have
used the way thus established from that time until now,
and until after 1901 there were no gates or other obstruc-
tions to its free use. Since that time, however, or, as
some of the witnesses say, since 1905 or 1906, the plain-
tiff has attempted to maintain gates, or bars, which would
have to be opened. This action is to enjoin the defendants
from further use of this highway on the grounds: First,
that no highway was legally established; second, because
there never was an acceptance thereof by the public, and
if there was, that the highway was abandoned more than
ten years before this suit was commenced. The condition
on which the road was established, to wit, that it be put in
a passable condition, is shown by the evidence to have been
complied with within the time fixed by the order of the
board, and, if that be true, the highway was legally estab-
lished, without further action of the board. *State v. Kin-
ney,* 39 Iowa, 226; *State v. Glass,* 42 Iowa, 56; *State v.
Ratliff,* 32 Iowa, 189; *McNichols v. Wilson,* 42 Iowa,
385; *Kirkhart v. Roberts,* 123 Iowa, 137.

It is true that the travel over this road was not at all
times confined within the limits of the survey. There
were a couple of low spots that were soft when the ground
was wet, and to get around them at such times and to get
around the end of a pond that sometimes existed, the travel
was ten feet from the line of the established road for
a short distance. But such fact does not show that the
road was not made passable by the petitioners within the

required time, and there is no evidence tending even to show that travel could not be had along the entire survey at the time in question. The only work which was done to make the road passable was done by the plaintiff and the defendant, and this was at the ford of the Des Moines river. The plaintiff petitioned for the road and helped make it passable, as it was his duty to do, and he is now in no position to complain because the travel at times left the surveyed way.

Nor would such fact necessarily tend to show that it was not fully established, and certainly a highway is not abandoned or lost to the use of the public because of the

2. Same: abandonment.

fact that it is not at all times used its full length. It is not essential that the travel be within exact limits. A slight variation therefrom without objection will not destroy its character or defeat the rights of the public. *Hempsted v. Huffman,* 84 Iowa, 398; *Bannister v. O'Connor,* 113 Iowa, 542.

The statute of limitations does not run against the

3. Same: limitations: abandonment: adverse possession.

public in these cases. *Davies v. Huebner,* 54 Iowa, 578; *Quinn v. Baage,* 138 Iowa, 431. And there was clearly no abandonment of this highway.

While it has not been used as much as formerly during the past five or six years, it is still true that it has been used to some extent, and it is also true that the plaintiff's attempt to maintain a gate at one point thereon resulted in the destruction of the gate, and this suit followed. A total abandonment for a period of ten years or more where private rights have been acquired by adverse claim to the highway for a like period, will estop the public. *Quinn v. Baage, supra.* But no such abandonment, or acquisition of private right, is shown in this case.

Under the record presented here, the judgment of the district court is clearly right, and it is *affirmed.*