No. 19,656.

J. C. RICE, *Appellant*, v. JOHN ARD, as Township Trustee, etc., et al., *Appellees.*

SYLLABUS BY THE COURT.

1. HIGHWAY—*Legally Established—Petitioner to Construct Ford Crossing at His Expense.* An order of the board of county commissioners establishing a highway, if otherwise regular, is not rendered void by the fact that it is made conditional upon the giving of a bond by the principal petitioner for the construction of a ford at the crossing of a stream, where such bond is given within a few days, and is approved by the board.

2. SAME—*Notice to Owner to Open Road Sufficient.* Where a road has been lawfully established by order of the board of county commissioners, its opening will not be enjoined in the following year because the notice which was shortly given to the owner to open it directed that the work should be done within thirty days, instead of allowing ninety days and until the ensuing first of January, as the law provides.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed October 10, 1914. Affirmed.

*H. A. Ewing, S. A. Gard,* and *G. R. Gard,* all of Iola, for the appellant.

*C. H. Apt,* and *Fred Apt,* both of Iola, for the appellees.

The opinion of the court was delivered by

MASON, J.: In March, 1914, J. C. Rice brought an action seeking to enjoin the opening of a road which the board of county commissioners had undertaken to establish. A general demurrer to his petition was sustained and he appeals.

In the plaintiff's argument two grounds are urged for the granting of the injunction: (1) that the order attempting to establish the road was void because it was made upon condition that certain acts should be

done by the principal petitioner; and (2) that no sufficient notice has been given to the plaintiff to open the road.

The order for the establishment of the road was made June 10, 1913, upon conditions thus stated:

"1st. That the said S. S. Pitts principal petitioner, and his copetitioners shall, at his own proper expense and without charge to the public either County or Township Board, construct a proper ford and approach across the Marmaton river at the place where said road crosses the same.

"2nd. That the said S. S. Pitts principal petitioner and his copetitioners execute to the State of Kansas for the use of the Board of County Commissioners and the Township of Elsmore in Allen County, a good and sufficient bond to be approved by the County Clerk of Allen County that he will do and perform all things necessary to make a passable ford across said river at the place where said road crosses the same.

"And it is further ordered that upon the filing of the said bond by said principal petitioner as hereinbefore provided, that the County Clerk shall enter an order showing that said road has been ordered opened, and that the survey and plat of said road shall be entered of record in the office of the County Surveyor of Allen County, Kansas and thenceforth such road shall be considered a public highway."

In the defendants' brief it is said that on July 16, 1913, the principal petitioner filed, and the board approved, a bond such as is described in the order. This statement is not contradicted, and may be regarded as in effect admitted in the petition, since nothing is there said on the subject, and it is incumbent on the plaintiff to allege the facts showing affirmatively his right to the relief sought. The order made by the board is therefore no longer conditional. It does not constitute merely an unaccepted offer. By its terms, the condition having been performed, it has become absolute. The provision is explicit that upon the giving of the bond the road is to be considered a public highway. The taking effect of the order establishing the road

was withheld to secure the compliance with the condition, which followed within a few days. The approval of the bond by the board amounted to a ratification or readoption of the order, if that were necessary. The due performance of a prescribed condition, however, has been held to make such an order effective without further action. (*McElroy v. Hite,* 154 Iowa, 453, 135 N. W. 20.) There is a conflict of authority on the general question of the power of a board to make its order establishing a highway contingent upon the performance of some act by an individual. (37 Cyc. 124; 15 A. & E. Encycl. of L. 385.) The courts of some jurisdictions hold, in effect, that the officials entrusted with the matter should decide whether a road ought to be opened, upon purely public grounds; that they should not be influenced by such considerations as the payment of a part of the expenses by individuals who would be benefited. The argument to the contrary is thus stated in *North Baptist Church v. Orange,* 54 N. J. Law, 111, 22 Atl. 1004, 14 L. R. A. 62:

"It is almost always necessary, in deciding upon the propriety of a public improvement, to consider, on the one hand, the advantages which are likely to accrue to the public from it, and, on the other hand, the expense and burden which will be imposed by reason of it. These considerations lie at the root of the question whether it shall be done, and, if done, how it shall be done. Where the amount of expense is so great that the undertaking is dropped, a public gain is lost by reason of this unfortunate obstacle. If the expense can, in any way, be reduced so that the balance, after weighing these counter-considerations, is in favor of the benefit over the burden, then the public reaps the advantages." (p. 114.)

In *Helms v. Bell,* 155 Ind. 502, 58 N. E. 707, it was held that an order for the opening of a road, provided the petitioners should pay the damages, was a nullity, notwithstanding such payment was subsequently made. The decision is based upon a statute forbidding the es-

tablishment of the road until after the payment of damages, the court saying:

"That is to say, when the damages have been paid from some source to the use of the persons entitled thereto, and *not till* then, the commissioners have the right to proceed to record, that is, to enter final judgment, establishing the highway, and to order that the same be opened and kept in repair. Because the record shows that the commissioners in this instance entered final judgment ordering the recording and opening of the highway, before the damages assessed were paid, in violation of the positive inhibition of the statute, their judgment was clearly void." (p. 506.)

That case tends to support the plaintiff's view, but we think it distinguishable from the present one upon the considerations already suggested. We conclude that upon the giving and approval of the bond the order establishing the road became effective.

The statute requires that the officer upon whom rests the duty of opening a road shall give to the owners notice "notifying such owners aforesaid to open said road through their lands within ninety days after service of such notice; and if the person or persons so notified do not open such road within the time named in such notice, it shall be lawful and it is hereby made the duty" of such officer to "enter upon said lands and open said roads; provided, if such notice be given between the first day of March and the first day of October, the notice shall designate the first day of January next as the time of opening such road." (Laws 1911, ch. 248, § 11.) The plaintiff was served, on July 19, 1913, with a notice to open the road, but instead of giving him until January 1, 1914, for compliance, it directed the work to be done within thirty days. The plaintiff contends that the notice was an entire nullity, and that nothing can be done towards opening the road until a new notice is served. The defendants maintain that the notice was sufficient, that the thirty-day limitation should be ignored, and that

the plaintiff was required to take notice of the time the statute allowed him. A notice of this character is not jurisdictional—it does not affect the validity of the road. (1 Roads and Streets, Elliott, 3d ed., § 444.) It is quite similar to the notice required to be given by railway companies to occupants of land over which a right of way has been condemned, before construction is begun. (Gen. Stat. 1909, § 1766.) Of that notice it was said in *C. K. & N. Rly. Co. v. Griesser,* 48 Kan. 663, 29 Pac. 1082:

"Admitting that it is absolutely required to be given before the construction is commenced, then it would only affect the questions of damages occasioned by their failure. . . . It is perfectly evident that this question does not affect in any manner the validity of the condemnation proceedings. Such a notice is required under the general road law of the state, but it has been held that the want of it is not a jurisdictional defect." (p. 666.)

The same principle was applied in an early Vermont road case, upholding an instruction "that the laying the road was legal, and that the jury must so consider it; but that, if the jury found the plaintiff had sustained any damage by the removal of any thing on the land, which he could have avoided, if he had had six months' notice to remove, he was entitled to recover for such damage." (*Kidder v. Jennison et al.,* 21 Vt. 108, 111.) The facts of the present case do not seem to call for an injunction against the opening of the road. If the plaintiff is injured by the failure to give him a notice in strict conformity to the statute, the remedy in damages is adequate.

The judgment is affirmed.