H. J. CARSTENS, Appellant, v. W. R. KEATING et al., Appellees.

WILLIAM STUHR, Appellant, v. W. R. KEATING et al., Appellees.

No. 40223.

APRIL 14, 1930.

REHEARING DENIED OCTOBER 23, 1930.

*Smith & More,* for appellants.

*Frank E. Northrop,* for appellees.

KINDIG, J.—The question presented for consideration is whether the defendants-appellees, who are the Pottawattamie County supervisors, should have widened a public highway ad-jacent to the plaintiffs-appellants' lands, under the provisions of the 1927 Code contained in Section 4562 and supplemental sections, rather than according to the method outlined in Section 4607 thereof and its associated sections. Section 4562 aforesaid reads as follows:

"Any person desiring the establishment, vacation, or alteration of a road shall file in the auditor's office of the proper county a petition * * * To the board of supervisors [of the proper county]:"

Section 4607 contains these provisions:

"Boards of supervisors on their own motion may change the course of any part of any road or stream, watercourse, or dry run, within any county in order to avoid the construction and maintenance of bridges, or to avoid grades, or railroad crossings, or to straighten any road, or to cut off dangerous corners, turns, or intersections on the highway, *or to widen any road above statutory width* [the italics are ours], or for the purpose of preventing the encroachment of a stream, watercourse, or dry run upon a public highway."

When exercising their jurisdiction in the premises, the appellees, supervisors, sought to widen the road in question, under the authority granted by Section 4607. For the sake of convenience, hereinafter the appellees will be referred to as the supervisors, and the appellants as the petitioners.

A north and south road, one mile long, is in controversy. This highway is on the west side of petitioners' lands. Originally the thoroughfare was established at a width of 40 feet. Petitioner Carstens owns the southwest quarter in the section immediately east of this highway, and the petitioner Stuhr owns the northwest quarter of said section. By their official action, now challenged, the supervisors sought to widen the highway to 56½ feet. To accomplish this object, they appropriated 16½ feet along the entire west side of petitioners' lands: that is, the supervisors widened the road by taking a strip one mile long and 16½ feet wide from the west side of said section, and added it to the east side of said public way. Of course, as part of the proceedings adopted by the supervisors, notice was given the petitioners, appraisers appointed to assess their damages, and full compensation contemplated. All this is required by the Code sections supplemental to Section 4607.

Nevertheless, it is contended by petitioners that the supervisors acted illegally and without authority, because they did not proceed by petition, under the authorization of Section 4562. After a petition is filed, as required by said Section 4562, a commissioner shall be appointed by the county auditor, "to examine into the expediency of the proposed establishment, alteration, or vacation, and report accordingly." Section 4564, Code, 1927. As previously stated, this method was not adopted, but the widening of the highway in question was attempted by the supervisors

under Section 4607. That section requires no petition and no commissioner. Within the provisions of that legislation, the supervisors proceed upon their own motion. They need not, under that law, wait for a petition by "any person desiring the establishment, vacation, or alteration," as contemplated by Section 4562. Such waiting might hinder and make impossible the desired improvement. Possibly no one would petition. Hence, there would be delay, or probably no improvement at all. The old method, under Section 4562, was cumbersome, and not conducive to modern improvement of highway systems. Consequently, Section 4607, which is more elastic and practical, was adopted by the legislature.

Manifestly, as shown by the history of the respective methods thus provided, the one is independent of, collateral to, and concurrent with the other, so far as there is jurisdiction under Section 4607. In other words, one jurisdiction does not depend upon the other. Jurisdiction is more limited under Section 4607 than under 4562, as before suggested. But, as far as jurisdiction lies, under the former section, it is concurrent with, collateral to, and independent of the latter section. *Jenkins v. State Highway Com.*, 205 Iowa 523. Therein the following language appears (on pages 528 and 529):

"It will be noted that the power here conferred [under Section 4607] upon the board of supervisors is quite collateral to, and independent of, the provisions of Section 4560 *et seq.* In this case [under 4607] the board was empowered to act upon its own motion, and by procedure wholly different from that provided pursuant to Section 4560 [and 4562, supra]. It [the power under Section 4607] is, in terms, a power to make 'changes for safety, economy, and utility.' Section 4607 is manifestly not intended as a repetition of powers conferred by Section 4560. It declares a clear distinction between the power to *establish* and the power to *change* a road already established. It confers an additional power, and a summary one, and is plainly responsive to the growing necessities of growing communities for improved highways."

Therefore, if the supervisors in the case at bar had jurisdiction of the subject-matter, under Section 4607, they could proceed thereunder, regardless of Section 4562.

At this juncture the petitioners deny that there was jurisdiction in the supervisors under Section 4607 because of the circumstances. Petitioners contend that the only portion, if any, of Section 4607 applicable is the following phrase: "or to widen any road above statutory width." Concession is made by the supervisors that the point suggested by the petitioners is the only one involved. On this basis the case will be considered by us.

Continuing their argument, petitioners assert that the words contained within the phrase just quoted, to wit, "statutory width," mean 66 feet. To put the thought in another way, petitioners maintain that, in order for the supervisors to have jurisdiction under said Section 4607, the road must be widened above the statutory width, which is 66 feet. Carrying the thought out to its final conclusion, the petitioners argue that there is no jurisdiction under Section 4607 unless the road is extended to a width of more than 66 feet. Basis for this position is Section 4561 of the 1927 Code, which declares:

"Roads hereafter established, unless otherwise fixed by the board [board of supervisors], shall be at least 66 feet wide, and in no case less than 40; within these limits they may be increased or diminished in width, altered in direction, or vacated, by pursuing the course prescribed in this chapter."

Immediately following the section just quoted is Section 4562, requiring the petition, commissioner, etc.

So, in the final analysis, the proposition to be determined is: What does statutory width mean, as it is used in Section 4607? If there is a definition of "statutory width," as applied to roads, it must be found under Section 4561, which was last above quoted. Obviously, Section 4561 does not define the "statutory width" of a road. It places certain limitations on the extent of such width, but does not *fix* the width. All jurisdiction and power to fix the width of a highway is in the board of supervisors, under Section 4561. True, the width cannot be less than 40 feet, but the legislature did not establish it at 40 feet. Declaration of the width is to be made by the supervisors, within the boundaries limited by Section 4561. Provided that the supervisors do not name another width, the public thoroughfare "shall be at least 66

feet wide." *Dickson v. Davis County,* 201 Iowa 741; *Quinn v. Baage,* 138 Iowa 426. See, also, *Biglow v. Ritter,* 131 Iowa 213. When the latter case was decided, the law apparently was different, in that the provision then was: "must be 66 feet in width unless otherwise specially directed." Now the legislation provides that it shall be at least 66 feet "unless otherwise fixed by the board."

Throughout the entire section, however, the legislature does not finally fix the width. Power to "fix the width" is at all times left with the supervisors, within the limitations previously noted. *Hartley v. Board of Supervisors,* 179 Iowa 814 (local citation 824). Significant language in the *Hartley* case is the following:

"The power lay in the board to fix the width of the road at 66 feet, or at a lesser width; not less, however, than 40 feet."

In the event that the supervisors desire a 66-foot road, they may thus designate the width themselves, by affirmative action or by silence, under Section 4561. Nevertheless the power to accomplish a road 66 feet wide is with the supervisors. They may obtain such result either by acting or by remaining silent. Whichever method is pursued, the supervisors have control of the situation, and therefore determine the width. A statutory width, then, is one established by the supervisors; for they have complete jurisdiction of that subject-matter, within the limitations suggested. No other statutory width is known in the Code. Such is the statutory width contemplated by Section 4561. Necessarily, then, that must have been the statutory width referred to in Section 4607.

There are statutory and nonstatutory roads. Highways may come into existence not only through the statute, but also by prescription, dedication, or otherwise. *Kinsinger v. Hunter,* 195 Iowa 651; *Iowa Loan & Tr. Co. v. Board of Supervisors,* 187 Iowa 160; *Haan v. Meester,* 132 Iowa 709; *Hugh v. Haigh,* 69 Iowa 382. Width of a road by prescription is not necessarily identical with that of a statutory road. *Davis v. City of Clinton,* 58 Iowa 389.

"Statutory width," therefore, as used in Section 4607, had reference to the "width" fixed by the supervisors, under Section 4561. No other width was provided for by statute. Here

the supervisors formerly established the highway in question with a width of 40 feet. Wherefore, 40 feet was the statutory width of said road, because that is the width thereof fixed by the supervisors under the jurisdiction and authority conferred upon them by the statute. The width being fixed by the supervisors under the statute, it became the "statutory width." This is so for the reason that the statute did not fix, but authorized, such width. As the supervisors in the case at bar increased the width of the highway in question from the statutory width of 40 feet to 56½ feet, they correctly proceeded under Section 4607. Hence they did not act illegally or without jurisdiction.

Wherefore the district court properly refused the petitioners' application for a writ of certiorari. The judgment of the trial court, therefore, is affirmed.—*Affirmed.*

MORLING, C. J., and EVANS, FAVILLE, and GRIMM, JJ., concur.