C. C. MCKINLEY, Appellant, v. LUCAS COUNTY et al., Appellees.

No. 41492.

. OCTOBER 19, 1932.

J. W. Kridelbaugh, for appellant.

H. V. Levis and J. D. Threlkeld, for appellees.

ALBERT, J.—Plaintiff is the owner of two 40-acre tracts of land, with the east and west highway in controversy between them. The defendants are Lucas County and the board of supervisors of that county. Plaintiff alleges that said highway has been used, maintained and traveled by the public for more than fifty years last past, is a county road, forty feet wide, with fences constructed on

either side accordingly; that the defendants threatened to enter upon his land, remove his fences and appropriate part of the land for the avowed purpose of widening said highway.

The defendants answered, in substance, that said highway is a duly and legally laid-out highway, of the width of 66 feet, and they are within their rights in appropriating a sufficient amount of plaintiff's land on either side to make the highway 66 feet in width.

Plaintiff replied, alleging, in substance, that said highway was never duly and legally established as provided by law, and if it were, it was established as a highway forty feet wide only.

Thus the issues were made in this case.

The evidence shows that the defendants are planning to improve and do work on said highway and they served notice on the plaintiff to set the fences back thirteen feet beyond where they now exist and have existed at their present location for fifty years or more. The evidence of the engineer shows that the present highway varies from 38 to 42 feet in width between the fences, and that he, as engineer, set stakes for a 66-foot highway and caused notice to be served on the plaintiff to move back his fences.

There can be no dispute between the parties that if the highway in controversy is a duly and legally established highway, it is 66 feet in width. The record we have before us is silent as to this matter. See Revision of 1860, Section 820; Biglow v. Ritter, 131 Iowa 213; Carstens v. Keating, 210 Iowa 1326.

The primary question therefore is: Was the highway duly and legally established?

The point is made that the board of supervisors, in attempting to establish this highway, never acquired jurisdiction. Unfortunately the records in relation to the action of the board of supervisors in this matter are meager. The original petition and papers showing the proceedings for the establishment of the road have been lost. The minute book of the board on January 9, 1868, contained the following notation:

"Supervisor Plotts moved that J. H. West, Abbott Kendall and William Thompson be appointed commissioners to assess damages claimed by McKinley, Russell and LaFollette, in the establishing of the road petitioned for by F. Savacool et al. in Washington township. Motion carried."

Under date of June 2, 1868, we find the following note in the proceedings of the board of supervisors:

"On motion the petition, plat, field notes and report of commissioners to assess damages in a road petitioned for by F. Sava-cool et al. in Washington township, taken up. Supervisor Plotts moved to establish the road. Supervisor Wheeler moved to amend by establishing the road upon the petitioner's paying the damages assessed within 90 days. Ayes and Nays being called upon the amendment resulted as follows: Ayes, Messrs. Curtis, Day, Funk, Keyes, Reddingshafer, Stover, Turner, Wheeler, Weaver, and Walker; Nays, 2. Amendment carried, and road ordered established upon petitioners' paying within 90 days the following damages, to wit: Jefferson McKinley, $12.50; Adam LaFollette, $25.00; Reuben Russell, $12.50."

The road calendar book No. 1 shows this road as road "No. 72."

These are all of the records and practically all of the evidence introduced by the defendants on this question, except the testimony of one witness who was at one time a member of the board of supervisors of Lucas county, who testified that as such supervisor he looked up the records in the auditor's office at one time in relation to this matter and found a petition asking for a 40-foot road.

A review of this record therefore shows that it is wholly silent as to any notice of this proceeding prior to the action of the board of supervisors. Section 824 of the Revision of 1860 reads as follows:

"Previous to the presentation of a petition for the establishment of a county road four weeks' notice thereof must be given by being posted up at the court house door and in three public places in each township through which it is to pass and in the neighborhood of the proposed road."

Section 825: "Such notice must state the principal points through which it will pass if any such are contemplated, and state the time at which application will be made to the county court [board of supervisors] for the appointment of a commissioner to examine and report upon the same."

The question at this point therefore is whether or not the board of supervisors acquired jurisdiction to lay out and establish this proposed highway. The defendants insist that the record having

been made establishing said highway, plus certain presumptions of law, are sufficient to show that this was a legally laid-out and established highway.

Section 4120, Revision of 1860, provides:

"The future proceedings of all officers and of all courts of limited and inferior jurisdiction within this state shall, like those of general and superior jurisdiction, be presumed regular except in regard to matters required to be entered of record, and except where otherwise expressly declared."

Defendants invoked this section, and also the case of Harbacheck v. Moorland Telephone Co., 208 Iowa 552. It is probably true that after jurisdiction is once established, then the future proceedings of the board fall within the rule laid down by the statute above set out; but the very question we have here is not whether this presumption shall operate, but whether or not the board had jurisdiction in the first instance to proceed in this matter. The Harbacheck case, supra, was a case in which the resolution passed by the board of supervisors establishing said highway recited in terms, "four weeks' notice has been given by being posted up at the courthouse door * * * and in three public places," etc. We held that finding by the board of supervisors was sufficient to confer jurisdiction, and when that occurred, the presumption provided by statute would operate.

In the case of Cooper v. Sunderland, 3 Iowa 114, we held this presumption is not exercised in relation to the jurisdiction of a court inferior, and of limited jurisdiction.

In Morrow v. Weed, 4 Iowa 77, l. c. 89, we said:

"We think the cases will support the following two rules: If there be a petition, or the proper matter of that nature, to call into action the power or jurisdiction of the court, the sufficiency of it cannot be called in question collaterally. * * * If there be a notice or publication, or whatever of this nature the law requires in reference to persons or other matters, its sufficiency cannot be questioned collaterally. Of course, this means a notice coming within the legal idea and range of such a matter. An absurdity could not be permitted to pass."

Again in the Morrow case we said:

"A superior court is presumed to act rightly and within its

jurisdiction, but an inferior court should set out the requisite facts, on the face of its proceedings. * * * When the jurisdictional facts are stated on the face of the proceedings of an inferior court, this is taken as *prima facie* evidence, or they are presumed to be as stated. * * * The question, then, is, when does jurisdiction arise, or what gives jurisdiction? The answer is: first, the law; second, a petition (or whatever stands in its place); third, notice (when such is required)."

In State v. Berry, 12 Iowa 58, defendant was convicted of obstructing a highway, and the question was whether or not such highway had been legally laid out and established. We there said:

"The road obstructed was established by a county commissioner's court, under the acts of 1843-4. The record of this court, which was introduced by the State and relied upon as showing the establishment of the road which it is claimed was obstructed, fails to show that a petition was ever filed, or any notice ever given of the application, or establishment of the road, as was required by the law then in force. The Board of Commissioners, as a County Court, had exclusive jurisdiction in the laying out and establishment of county roads. It was a court of record, but of inferior and limited jurisdiction, and no presumptions obtain in favor of the regularity of its proceedings, unless it fully appears that it had first acquired jurisdiction in the manner prescribed by law. The doctrine of presumptions in favor of the regularity of the proceedings of a court of inferior jurisdiction is so fully discussed by Woodward, J., in the cases of Cooper v. Sunderland, 3 Iowa 114, and Morrow v. Weed, 4 Id. 77, that we deem it unnecessary to do anything further than to refer to authorities there cited, and the conclusions arrived at, as applicable to this case. From the reasoning of the court in the cases there referred to, we think the rule indicated is this: That where an inferior tribunal had exclusive jurisdiction over any subject, expressly conferred by the legislature, and where it has acquired jurisdiction over such subject matter in the manner prescribed by law, that every presumption thereafter is in favor of the legality of its proceedings, and that any objections to the irregularity of its action cannot be raised collaterally, but must be upon appeal or *certiorari*. Where, however, the record shows, as in this case, that such court never acquired jurisdiction, no presumptions obtain in its favor."

In Alcott v. Acheson, 49 Iowa, 569, the action was to restrain a road supervisor from opening a road laid off through the land of the plaintiff. A notice was published, as was then required by the Code, but no personal service was had either upon the plaintiff, the owner, or Wilson, the tenant in occupancy of the land. Plaintiff was a nonresident of the state. We there said:

"The occupier of land, a tenant, has an interest therein that is affected by the location of a road upon the premises. It is not to be presumed that the law, which protects the rights of all men, would direct the discovery of the occupiers of lands by resort to records wherein their names never appear. To so interpret the statute would be the disregard of rights through fictions; this the law will never do. We conclude that the statute requires notice to be personally served upon the owner, as shown by the transfer book, when he resides in the county; if he be a non-resident, upon the occupier of the land, if there be one. The principles of justice will not permit the citizen to be deprived of his property by proceedings of which he has no notice. The law is careful, in all cases, that notice be given to persons whose rights are affected of proceedings authorized by statute. Courts will be careful to so construe statutes that they accord with these principles. We conclude that, as the occupier of the land was not personally served with notice, the proceedings to establish the road are void."

In Barnes v. Fox, 61 Iowa, 18, the action was the same as in the last case above referred to, and we there said:

"We have already seen that no notice of the presentation of the petition was given. This was certainly fatal, unless there was the consent of the land owners and relinquishment of right of way. * * * Now in the absence of both consent and notice, the court had no jurisdiction, and it follows that the order was void."

In McBurney v. Graves, 66 Iowa, 314, plaintiff sued the defendant, as road supervisor, for tearing down and moving certain gates and fences which were said to be an obstruction on a certain highway. In that case, as in the case at bar, it was pressed upon the court that the aforesaid section relating to presumed regularity of proceedings was sufficient, and it is there said:

"That the section applies to proceedings of the board of supervisors in the establishment of highways is not doubted. We are of

opinion, however, that it does not have the effect claimed for it by counsel. Where it is shown that the inferior tribunal had jurisdiction of the parties, the statute undoubtedly raises a presumption in favor of the regularity of all its proceedings, and where the tribunal determines that the preliminary steps essential to give it jurisdiction have been taken, and makes that determination a matter of record, the statute also raises a presumption in favor of the correctness of the determination. But it has never been held that the section raises a presumption in favor of the jurisdiction of the tribunal, in the absence of any determination by it that it had jurisdiction. And it has been frequently held that, in the absence of any recital in the record of the proceedings for the establishment of highways of the service on the land-owner of the notice provided by the statute, no presumption obtains in support of the jurisdiction of the supervisors," citing cases.

In Chicago, Rock Island & Pacific Ry. Co. v. Ellithorpe, 78 Iowa, 415, l. c. 418, we said:

"A failure to give notice, as required by said section 936, renders the action in establishing the highway void, and notice will not be presumed from the fact of establishment alone."

■■■ It is apparent, therefore, from our holdings that the aforesaid section of the statute raising the presumption as to regularity of proceedings of inferior tribunals is only available after jurisdiction has once been established, and the record of the board being silent, and there being no evidence that notice was ever served as required by the statute, it must be held that defendants have not established their claim that this road was a duly and legally established highway, unless further matters pleaded by them as to the south forty operate to estop the plaintiff from asserting the contrary as to such south forty. The record does show, as to this south forty, that one Reuben Russell was the owner thereof and he filed a claim for damages by reason of the construction of the old road, and the commissioners allowed him $12.50 damages. It would appear, therefore, that so far as he is concerned,—he having appeared and filed his claim for damages,—he waived any question as to notice, and therefore the rule we have just pronounced would not be binding upon him, and he would be estopped by having filed his claim for damages from raising the question of want of notice. See Ross v. Board of Supervisors, 128

Iowa, 427; Gilcrest & Co. v. City of Des Moines, 157 Iowa, 525; Yengel v. Allen, 179 Iowa, 633.

■ McKinley, plaintiff, having acquired this land from Russell through an intermediate chain of title, would take it with his title subject to whatever rights Russell had, and would be bound by anything Russell did in relation to this matter; but plaintiff answers that contention by saying that no road was in fact ever legally established here, because the order of establishment is only conditional in that it was ordered established "upon the petitioners' paying damages assessed within 90 days," and there is no showing in the record that such damages were ever paid.

In State v. Ratliff, 32 Iowa, 189, defendant was indicted for obstructing the public highway. The road in question was established "when all the legal claims for damages are paid." We said:

"The defendant was not bound to take notice of the happening of this contingent event. Possibly all legal claims might never be paid, and surely it is not the policy of our law to make a man a criminal for failing to know a fact in pais, which he might not, with reasonable diligence, be able to learn. Upon the plainest principles of our law, it is clear that at least the defendant was entitled to notice of the fact that the road was established, and that it was his duty to remove his fences, before he would be a criminal for not doing so."

In State v. Glass, 42 Iowa, 56, a road was established "upon condition that the costs be paid on or before the next term of this court." It is there said:

"The proof shows that this condition was not complied with; and that the road was not fully established so as to become a legal highway until such condition is complied with." See State v. Ratliff, supra.

In Kirkhart v. Roberts, 123 Iowa, 137, it was sought to restrain the defendant from condemning a highway over plaintiff's land under Sections 2028 and 2029 of the Code, 1897. We there said:

"The appellant contends that a road was in fact established by the board of supervisors in the proceedings before it, and, because thereof that the defendant had no right to condemn a way. But with this contention we cannot agree. The establishment of the road was conditioned upon the payment of the expenses thereof,

including the damages awarded the plaintiff herein; and when a road is thus established it does not become a legal highway, nor can the public acquire any right to the use thereof, until the conditions are complied with," citing State v. Glass, supra, and Mc-Nichols v. Wilson, 42 Iowa, 385.

The presumption statute heretofore referred to in the Harbacheck case can not aid the defendants in this respect; because they are asking us to hold that it will be presumed that the petitioners for the highway paid the damages allowed. This we can not do, and it follows, therefore, that this highway in controversy,—as conceded by the plaintiff,—is a forty-foot highway and not a sixty-six foot highway.—Reversed.

STEVENS, C. J., and FAVILLE, DE GRAFF, and WAGNER, JJ., concur.