GERRIT DAVELAAR, Appellant, v. MARION COUNTY et al., Appellees.

No. 43964.

June 15, 1937.

Opinion on Rehearing February 15, 1938.

Vander Ploeg & Heer, for appellant.

Leon N. Miller and H. E. De Reus, for appellees.

HAMILTON, J.—This case was originally submitted at the June 1937 period of the May term. Petition for rehearing was granted and the case reargued and again submitted. While we reach the same conclusion, it is deemed advisable, because of a misstatement of some of the facts, that the former opinion which appears in 274 N. W. 305 should be, and the same is, withdrawn.

The plaintiff in this action is the owner of the east half of the southeast quarter of section 15, township 77 north, range 19 west of the 5th P. M. in Marion County, Iowa. For more than fifty years there has existed along the south and east boundary line of the plaintiff's land, a public highway approximately 40 feet in width. The fences along this highway have been in their present location during all of said time. Marion County, through its Board of Supervisors, acting on the theory that this road when it was established was a 66-foot road, on the 10th day of September, 1936, caused to be personally served on the plaintiff, under the provisions of chapter 248 of the 1935 Code of Iowa, section 4834 et seq., notice to remove obstructions, to wit, his fence, back on the 66-foot line.

Upon being served with said notice, plaintiff instituted this injunction suit alleging that the defendants are threatening to enter upon his land and to remove the fence between his premises and the highway, and praying that they be restrained and enjoined from so doing. Answering this petition the defendants alleged that on or about the 9th of January, 1868, a public highway 66 feet or 4 rods wide was located and established on the south and east side of plaintiff's said land, the center line of which was and is described as commencing 50 links (two rods or 33 feet) north of the quarter section corner of the south line (the southwest corner of the southeast quarter) of section 15, township 77 north, range 19 west of the 5th P. M., thence east one-half mile less two rods, thence north three fourths of a mile; that said highway has been continuously used by the public for more than sixty-five years, and that upon said described highway the plaintiff has erected or maintained certain obstructions and fences; that notice under chapter 248 of the Code was served upon the plaintiff to remove said obstructions, and that plaintiff has failed and neglected and refuses to remove the same; and that under the provisions of said chapter of the Code, and especially sections 4837 and 4839 thereof, the defendants expect to remove said fence and obstructions or cause the same to be removed; wherefore, they pray that the plaintiff's petition be dismissed, and that it be judicially determined by the court that a public highway has been established and now exists on the east four rods of plaintiff's said land described above.

Replying to this answer the plaintiff alleges and states: "That he refuses to remove the fence along the east side of the

premises owned by him and denies that the same is located upon the public highway and states that said fence is in fact located upon the line between his premises and the public highway along the east side thereof as established and dedicated to the public.'' There was a trial to the court, and at the conclusion of the evidence on the 21st day of December, 1936, the case was taken under advisement. Later, at the same term, to wit, the 28th day of December, 1936, the court filed a written ruling with findings as to the facts and the law, and upon said findings based his judgment dismissing plaintiff's petition and rendering judgment in accordance with said written opinion.

The case presented a rather close and difficult legal question necessitating on the part of the trial court a careful investigation and analysis of the prior holdings of this court. That the able trial court did not fail to give the matter the serious and close attention which the question deserved is shown by his carefully prepared written ruling which was set out in the former opinion, and which we are again incorporating herein. We have made a careful investigation of the authorities and reach the conclusion that no better analysis of the legal precedents bearing upon the question involved could be made than is set forth in the trial court's opinion, and the deductions and legal conclusions arrived at are logical and legally sound and are adopted and approved by this court. We quote:

"This is an action for an injunction to restrain the defendants, Marion County Supervisors, from removing plaintiff's fence along a highway, as an obstruction to the highway. Plaintiff alleges that for more than fifty years the fence in question has been maintained as now, and denies that it is an obstruction. Defendants allege that the road is a regular established 66-foot highway, and that the fence in question obstructs it. Defendants offer in evidence, in support of their claim that it was a regularly established highway, the road record in the county auditor's office. That record shows, under date of January 9th, 1868, the following entry: 'In the matter of the location of a county road 4 rods wide, the same being part of one already petitioned for, by J. T. Baldwin and others. Commencing 50 links north of the quarter section corner on the south line of Section 15, in Twp. 77, Rng. 19, thence east one-half mile, less two rods, thence north three-fourths of a mile. * * * Now on this date is

presented the petition of J. T. Baldwin and others, asking for the above described road and also an agreement of all the land holders, to-wit, J. T. Baldwin, S. A. Baldwin, and Geo. M. Hammond, through whose lands said road passes, granting the right of way. And the Board being fully advised in the premises order that said road be and that the same is hereby established and that the same be entered upon the proper record of said county.'

''Under the record it is established that the fences are now in the same location that they have been for more than fifty years, and are about forty feet apart; that the owners of the land through which the said described highway runs are as set forth in the road record, and that plaintiff derives his title through such owners; that sufficient notice to move the fence was duly served upon plaintiff. The only question to be determined is whether or not the said proposed highway was established, as claimed by defendants, and this question is still further reduced to whether or not the Board of Supervisors, on January 9, 1868, had jurisdiction in the first instance to proceed in the establishment of the same, for there is no question under the record as to the road being established if jurisdiction was had by the board in the first instance. Under section 820, R. 1860, the highway, if legally established, is 66 feet in width, and this is conceded by all parties herein.

██ ''Under the statutes in force at the time in question, January 9, 1868, the Board of Supervisors of the county had general supervision of the highways in the county, with power to establish. Section 819, R. 1860. Sections 824 to 827, R. 1860, define the preliminary procedure in the establishment of a highway upon petition, and section 828 provides that the court (county board), if satisfied that the above-mentioned prerequisites have been complied with, sections 824 to 827, inclusive, shall appoint a commissioner. Sections 829 to 857, inclusive, deal with the duties of the commissioner, the assessment of damages, and the opening and working of the highway. Section 858 states: 'Roads may be established without the appointment of a commissioner, provided the written consent of all the proprietors of the land to be used for that purpose be first filed and recorded.' This section read in conjunction with Section 828 means that the board, if satisfied that the required prerequisites (the written consent of all of the proprietors of the land to be used for that purpose be first filed and recorded), have been

complied with, the board may establish the highway without the appointment of a commissioner. In my judgment, those aforesaid prerequisites are jurisdictional and mandatory. 'When a fair interpretations of a statute which directs acts or proceedings to be done in a certain way shows that the legislature intended a compliance-with such provision to be essential to the validity of the act or proceeding, or when some antecedent or prerequisite conditions must exist prior to the exercise of power, or must be performed before certain other powers can be exercised, then the statute must be regarded as mandatory.' State v. School District, 190 Iowa 903, at 907, 181 N. W. 178.

■■ "Section 4120, R. 1860, states: 'The future proceedings of all officers and of all courts of limited and inferior jurisdiction within this state shall, like those of general or superior jurisdiction, be presumed regular except in regard to matters required to be entered of record and except where otherwise expressly declared.' 'The above section applies to proceedings of the board of supervisors in the establishment of highways * * * but it has never been held that the section raises a presumption in favor of the jurisdiction of the tribunal in the absence of any determination by it that it had jurisdiction.' McBurney v. Graves, 66 Iowa 314, at 317, 23 N. W. 682.

" 'It is probably true that after jurisdiction is once established, then the future proceedings of the board fall within the rule laid down by the statute above set out.' McKinley v. Lucas County, 215 Iowa 46, at page 50, 244 N. W. 663.

"Section 4120 has no application in case at bar, as the question we have is not whether presumptions shall operate, but whether or not the board had jurisdiction in the first instance.

" 'The County Board being an inferior tribunal, no presumption exists that such tribunal had jurisdiction. It must be shown.' Cooper v. Sunderland, 3 Iowa 114, 115, 66 Am. Dec. 52; McKinley v. Lucas County, 215 Iowa 46, 244 N. W. 663.

■■■ " 'When the jurisdictional facts are stated on the face of the proceedings of an inferior tribunal, this is taken as prima facie proof.' Morrow v. Weed, 4 Iowa 77, at 125, 66 Am. Dec. 122; McKinley v. Lucas County, 215 Iowa 46, 244 N. W. 663.

"By the term, 'appears upon the face of the proceeding,' is meant 'the appearance may be by the record proper—the entries—or by the papers of the case on file, or (generally) by

evidence.' Morrow v. Weed, 4 Iowa 77, at 127, 66 Am. Dec. 122.

"In the case at bar there are no papers in the case on file, under the testimony of the county auditor, and the only evidence in the case is the record proper, the entries made by the board in the matter.

"In Harbacheck v. Tel. Co., 208 Iowa 552, at 556, 226 N. W. 171, 173, the entry in the supervisors' resolution, 'four weeks' notice has been given by being posted * * *' was held sufficient to establish jurisdiction so far as the question of notice was concerned; there being no showing of notice otherwise.

"State v. Lane, 26 Iowa 223, statement in road record that, 'notices of presentation of petition were duly proved * * *' held competent, without petition itself, to show it was filed and acted upon.

"State v. Railway Co., 88 Iowa 689, 695, 697, 56 N. W. 400, 402, the only evidence of the giving of notice appeared in the road record as follows: 'And it appearing to the board that all the prerequisites of the law have been complied with,' was held sufficient to show prima facie jurisdiction. The court says, 'It seems to us, in view * * * of the recitals of this record, that the board found, among other things, that legal notice had been given. * * * in view of the finding, we may well presume that proper proof was shown therein * * *. That the notice itself * * * was not introduced, is not material, when, as in this case, the proofs were before the board when they acted, and from them they determined that the proper notice was given. In such a case (a finding by the board of compliance with the law in jurisdictional matters), jurisdiction will be presumed * * * In other words, we hold that the recitals of the record, in view of what is set out therein, are equivalent to an express finding that the notice was given.'

"In Ferguson, Admr., v. Connell, 210 Iowa 419, at page 427, 230 N. W. 859, 863, the court discusses the case of Murphy v. Creighton, 45 Iowa 179, as to showing of jurisdiction. While it was not a case of an inferior tribunal, but one where jurisdiction would be presumed, still the discussion shows the attitude of our courts towards this question. They say: 'When assuming jurisdiction in the case * * * the * * * District Court declared it was "fully advised and satisfied in the premises." Advised of what? Certainly that the decedent was a resident of

Linn County when he died. What did the Court mean when it said it was satisfied? Necessarily that decedent was a resident * * * We cannot assume that the Linn County District Court did not have before it facts showing that residence was in Linn County.'

"Plaintiff relies chiefly upon the cases of Schmidt v. Town of Battle Creek, 188 Iowa 869, 175 N. W. 517, and McKinley v. Lucas County, 215 Iowa 46, 244 N. W. 663. As to the Battle Creek case, the situation disclosed by the record, as printed in the Iowa report, is so different, that I do not feel it is applicable. The Lucas County case, it seems to me, really strengthens the position taken by the defendants.

"With above-cited rules and authorities in mind, an examination of the record in the instant case shows that petition with road properly described was presented to the board; that an agreement was presented to the board, of all landowners through whose land said road passed granting the right of way; that the board, being fully advised in the premises, ordered the road. The mandatory prerequisites were written consent filed and recorded. The road record shows petition and agreement granting right of way was presented. This is a sufficient finding. Hartley v. Board, 179 Iowa 814, at 821, 162 N. W. 48.

"The statement, 'petition * * * and agreement were presented,' can only mean a writing, and by the words, 'being fully advised in the premises,' indicates knowledge upon the part of the board as to compliance with all other mandatory jurisdictional matters; namely, recording, such as to make a prima facie case of jurisdiction, and, there being nothing shown in the record to the contrary, I find that said highway was legally established in 1868 as a 66-foot highway."

One other question not touched upon in the trial court's opinion and which was not definitely determined in the original opinion of this court was presented in appellant's original brief and argument, and again urged upon us in his petition for rehearing, and in his argument on rehearing, wherein appellant insists that there is no evidence in the record from which the court can determine the location of the fence along the east side of plaintiff's premises with reference to the east line of section 15 as shown by the government survey, and contends that under the holding of this court in the case of Harbacheck v.

Moorland Tel. Co., 208 Iowa 552, 226 N. W. 171, the proof in the instant case was insufficient. The pleadings and proof present no controversy with reference to the correctness of the fence line along the east side of the highway, as the same has been admittedly established and used for more than fifty years; being the true government line between the plaintiff's land and the land adjoining. The defendants caused a survey to be made and a plat to be prepared in accordance therewith and the engineer took the witness stand and described the markings upon the plat, and his testimony was admitted without objection of any kind, and likewise the plat was offered and introduced in evidence without objection, and his testimony and the plat show the east fence line to be upon the section line between the plaintiff's 80-acre tract and the land immediately east and adjacent thereto, and that it is on a straight line and coincides exactly with cornerstones which were pointed out to the engineer, and under which cornerstones he found tile buried in the ground. It is alleged in the petition of the plaintiff that the highway as now located is along the east side of the real estate described, and in his reply the plaintiff states that the fence along the west side of this highway "is in fact located upon the line between his premises and the public highway along the east side thereof, *as established and dedicated to the public.*" (Italics supplied.)

Under the record here presented, the appellant is in no position to insist for the first time on this appeal that the evidence was incompetent for the reason that the engineer in making the survey did not locate the original government quarter section corner and section line. The owner of the real estate adjoining plaintiff's land on the east testified without objection that he had owned his premises for more than 30 years, and had been acquainted with the location of the highway and fence for some 50 years, and that the fence along the east side of this highway between his land and the highway was the west boundary line of his quarter section. There being no evidence to the contrary, and all the evidence on behalf of the defendants having been admitted without objection, the proof was sufficient.

It therefore follows that the decree of the trial court must be, and is, affirmed.—Affirmed.

STIGER, C. J., and all Justices concur.